**SCHOOL BOARD OF the COUNTY OF PRINCE WILLIAM, Plaintiff,**

v.

**Jerry F. MALONE, et al., Defendants.**

**Civ. Action No. 83–862–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 10, 1987.

Kathleen S. Mehfoud, John A. Gibney, Lacy & Mehfoud, P.C., Richmond, Va., for plaintiff.

Gerard S. Rugel, Joint Advocacy Coalition for the Mentally Disabled, Falls Church, Va., for defendants.

## MEMORANDUM OPINION

BRYAN, Chief Judge.

This action is before the court on remand from the Court of Appeals with a direction to decide the issue of attorneys' fees.

This case was finally decided by the Court of Appeals on May 24, 1985. 762 F.2d 1210. Since its ruling was an affirmance of the district court's judgment, nothing further remained to be done in the case except an award of costs by the Court of Appeals on June 14, 1985. And nothing further *was* done until November 6, 1986, when the defendants filed with the Court of Appeals an application for attorneys' fees. The application was prompted by the enactment, on August 5, 1986, of an amendment to § 615(e)(4) of the Education of the Handicapped Act (EHA). 20 U.S.C. § 1415(e)(4)(B)–(D). That amendment provides that the court in its discretion may award reasonable attorneys' fees as part of the costs to the parents of a handicapped child who is the prevailing party in an action brought pursuant to § 615(e)(4) of the EHA. The amendment provides further that such an award should be permissible in any case filed prior to and still pending on July 4, 1984.[1] Since this case was filed before and pending on July 4, 1984 and the parents prevailed, these preliminary requirements have been met.

The School Board resists the application on two constitutional grounds, a timeliness argument, an objection to any award for services performed during the administra-

tive proceedings, and an assertion that the application is not adequately documented.

The constitutional arguments are that retroactive application of the enactment violates the separation of powers doctrine and exceeds the contract made with the states under the spending power of Congress.[2]

### Separation of Powers

■ A violation of the separation of powers doctrine would occur if the amendment's retroactive application prescribed a rule of decision in a pending case. *United States v. Klein,* 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1871); *United States v. Sioux Nation of Indians,* 448 U.S. 371, 404, 100 S.Ct. 2716, 2735, 65 L.Ed.2d 844 (1980). Here, however, the law was changed generally, and although the change has broad application, it only affects this decided case incidentally. *Temple University v. United States,* 769 F.2d 126, 134 n. 4 (3d Cir.1985). Even to this extent, it does not affect the decision on the merits. Nor, of course, does its application obligate the court to decide a controversy in the government's favor. *United States v. Klein, supra* 80 U.S. (13 Wall.) at 146.

### Spending Power

■ The court does not consider retroactive application of the amendment to be in excess of the spending power of Congress. Indeed, the court is not convinced that this case *does* involve the spending power. This case appears to be no more than a consideration by Congress of when costs should be assessed in federal litigation; the mere fact that the County is a party and therefore could be liable for costs does not transform the suit into a spending powers problem. The County makes the broad statement that Congress' power to impose liabilities on recipients of federal aid is

---

1. This date was selected by Congress to cover those cases precluded by the July 5, 1984 decision of the Supreme Court in *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), which held that attorney's fees were not recoverable in an action under EHA.

2. The County argues for the first time in its rebuttal that the retroactive application of the legislation violates the Due Process Clause. Given the rational legislative purpose of that application, such an argument is unavailing in light of *Pension Benefit Guaranty Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984).

limited. However, the only limitation, insofar as this case is concerned,[3] is that "if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously." *Pennhurst State School v. Halderman*, 451 U.S. 1, 17, 101 S.Ct. 1531, 1540, 61 L.Ed.2d 694 (1981). To the extent that the spending power is involved in this case, Congress has certainly unambiguously imposed the award of attorneys' fees.

### Timeliness

██ In support of its timeliness argument, the County points to Local Rule 11(2) of this court, which requires that a request for counsel fees and costs be made within ten days of the final judgment, and to F.R.App.P. 39(a), which requires that the request be made within fourteen days of the issuance of the mandate. Both of these time limits had, of course, passed well before the August 5, 1986 amendment to the EHA. The defendants filed their application three months after that date. It is too much to expect counsel for the defendants to become aware of the amendment and file an application within ten or fourteen days. Three months is not an unreasonable time within which to file, and the court finds that the application was timely.

### Administrative Proceedings

██ The objection to the claim for attorneys' fees for services performed during the administrative proceedings is based on the reference in the amendment to "this subsection," 20 U.S.C. § 1415(e)(4)(B). Since the subsection deals only with civil actions, one might read the amendment literally to apply only to an action brought in court. However, the wording of the amendment belies such a literal reading. The amendment refers to "any action *or proceeding*" (emphasis supplied), and in discussing when fees and costs will not be allowed, § 615(e)(4)(D) specifically refers to administrative proceedings and to the circumstance where an administrative officer finds that the relief finally obtained is less favorable than a settlement offer. These references would be meaningless if only civil actions in court were the subject of the amendment. Moreover, the legislative history supports the conclusion that administrative proceedings were included:

> The committee intends that S. 415 will allow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative proceedings. S.Rep. No. 99–112, 99th Congress, 2d Sess. 14, *reprinted in* 1986 U.S.Code Cong. & Ad.News 1799, 1804.

The court thus concludes that the 1986 amendment to the EHA permits an award of fees and costs for administrative proceedings as well as for court proceedings.

### Documentation

██ The defendants have submitted an adequately detailed statement of the tasks performed and the number of hours required for each task. An examination of the statement reveals that the number of hours for each task is reasonable, and that the tasks themselves were necessary to bring the controversy to a conclusion. The hourly rate of $100.00 is eminently reasonable. The hourly rate, multiplied by the number of hours expended, results in a presumptively reasonable attorney's fee. *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984).

3. "There are limits to the power of Congress to impose conditions on the States pursuant to its spending power, *Steward Machine Co. v. Davis*, 301 U.S. [548], at 585 [57 S.Ct. 883, 890, 81 L.Ed.2d 1279]; *Lau v. Nichols*, 414 U.S. 563, 569, [94 S.Ct. 786, 789, 39 L.Ed.2d 1] (1974); *Fullilove v. Klutznick*, 448 U.S. 448 [100 S.Ct. 2758, 65 L.Ed.2d 902] (1980) (Burger, C.J.); see *National League of Cities v. Usery*, 426 U.S. 833 [96 S.Ct. 2465, 49 L.Ed.2d 245] (1976)." *Pennhurst State School v. Halderman, supra* 451 U.S. at 17, n. 13, 101 S.Ct. at 1540, n. 13. In only one of those, *National League of Cities v. Usery,* was a congressional enactment struck down. Even there, however, the spending power limitation was expressly disclaimed as a basis for the ruling, *supra* 426 U.S. at 852, n. 17, 96 S.Ct. at 2474 n. 17. In any event, *Usery* has, of course, now been overruled. *Garcia v. San Antonio Metro. Transit Auth.,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). Whatever the limits of the spending power may be, they have not been exceeded here.

Given the number of administrative hearings, a hearing in the district court and argument on appeal, with the supporting briefs in both courts, a fee of $11,770.00 is modest indeed.

### Discretion

■ Since the 1986 amendment to EHA makes an award of attorneys' fees discretionary with the court, the only remaining issue for the court is whether to exercise that discretion in favor of such an award. The filing of the application well after the conclusion of the litigation is not a factor which cuts against such an exercise. That situation was presumably contemplated when Congress allowed retroactive application of the amendment. Here the defendants prevailed at the administrative level, and it was the County which pursued the matter through the district court and on appeal. Had the matter ended at the administrative level, there would have been no issue with regard to attorneys' fees because the matter would have been concluded well before July 4, 1984. This fact, combined with the court's feeling that absent exceptional circumstances not present here, a prevailing party under a fee-shifting statute should receive an attorneys' fee award, warrant exercise of the court's discretion in favor of such an award. *Cf. Bills v. Hodges*, 628 F.2d 844, 847 (4th Cir.1980).

### ORDER

For the reasons set forth in the Memorandum Opinion this day filed, it is

ORDERED that the defendants recover against the plaintiff, as part of defendants' costs, attorney's fees in the amount of $11,-770.00.