**Robert DODDS, Helen Dodds, individually and on Behalf of their son, Kevin Dodds, Plaintiffs,**

**v.**

**John SIMPSON, individually and in his official capacity; Carl Cole, individually and in his official capacity; and the Josephine County School District, Defendants.**

**Civ. No. 84-6415-E-PA.**

United States District Court, D. Oregon.

May 19, 1987.

Steven L. Brischetto, Baldwin & Brischetto, Portland, Or., for plaintiffs.

William V. Deatherage, Frohnmayer, Deatherage, Deschweinitz, Pratt & Jamieson, P.C., Medford, Or., for defendants.

## ORDER

PANNER, Chief Judge.

Plaintiffs Kevin Dodds and his parents, Helen and Robert Dodds, originally brought this action under the Education for All Handicapped Children Act (EHA), the Rehabilitation Act of 1973, and 42 U.S.C. § 1983. Defendants John Simpson, Carl Cole, and the Josephine County School District moved for summary judgment. I granted that motion and filed an opinion on September 11, 1986. Judgment entered September 17, 1986.

Plaintiffs timely moved to alter or amend judgment, based on the August 5, 1986 amendments to the EHA. I granted the motion to amend the judgment, and reinstated plaintiffs' claims pursuant to 42 U.S.C. § 1983 and for attorney's fees and costs. Defendants moved to reconsider, and by trial brief and supplemental trial brief contend that plaintiffs' claims should not have been reinstated. I disagree.

## DISCUSSION

The 1986 amendments to the EHA provide:

Sec. 2. (B) In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

\* \* \* \* \* \*

Sec. 3. (f) Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of handicapped children and youth, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (b)(2) and (c) shall be exhausted to the same extent as would be required under this part.

\* \* \* \* \* \*

Sec. 5. The amendment made by section 2 shall apply with respect to actions or proceedings brought under section 615(e) of the Education of the Handicapped Act after July 3, 1984, and actions or proceedings brought prior to July 4, 1984, under such sections which were pending on July 4, 1984.

Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, 100 Stat. 796, 797 (codified as amended at 20 U.S.C. § 1415).

Defendants contend that because Congress specifically provided that Section 2 would be retroactive, Congress intended that the remainder of the amendments would not be retroactive, citing *Taylor v. Board of Education*, 649 F.Supp. 1253 (N.D.N.Y.1986). In *Taylor*, the court held that absent clear legislative intent to the contrary, retroactive effect should not be given to Section 3 of the amendment. *Id.* at 1259.

Two other courts addressing this issue have determined that Section 3 does have retroactive effect. *Jackson v. Franklin County School Board*, 806 F.2d 623, 627–

28 (5th Cir.1986); *Board of Education v. Diamond,* 808 F.2d 987, 995–96 (3rd Cir. 1986). The Third Circuit found that congressional silence was insufficient to infer congressional intent to limit section 3 to subsequently filed lawsuits. Rather, the court must apply the law in effect at the time it renders its decision. *Id.; accord Bradley v. School Board of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) (current law is applied unless it results in manifest injustice or contravenes clear congressional intent).

I find that section 3 applies retroactively to this action. Plaintiffs' section 1983 claim will proceed to trial.

Defendants also contend that plaintiffs cannot recover attorney's fees and costs because plaintiffs did not exhaust their administrative remedies as they prevailed through settlement.

The attorney's fee provision of the 1986 amendment was modeled after the fee provision of Title VII. *Cf.* 20 U.S.C. § 1415(e)(4)(B) to 42 U.S.C. § 2000e–5(k). Like Title VII, Congress intended that a party who prevails at the administrative level be eligible for an award of reasonable attorney's fees. S.Rep. No. 112, 99th Cong., 1st Sess. at 14 ("The committee also intends that section 2 should be interpreted consistent with fee provision statutes such as Title VII of the Civil Rights Act of 1964 which authorizes courts to award fees for time spent by counsel in mandatory administrative proceedings.").

Plaintiffs' claims for attorney's fees and costs and relief pursuant to 42 U.S.C. § 1983 will be tried on June 23, 1987.

IT IS SO ORDERED.