Lani MOORE, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

Civ. A. No. 87–0941.

United States District Court, District of Columbia.

July 29, 1987.

Matthew B. Bogin, Michael J. Eig, Bogin and Eig, Washington, D.C., for plaintiffs.

Frederick D. Cooke, Jr., Martin L. Grossman, Melvin W. Bolden, Jr., Karen J. Krueger, Washington, D.C., for defendants.

## MEMORANDUM

SPORKIN, District Judge.

This is a case to collect attorneys' fees and other costs incurred in bringing administrative actions under the Education for All Handicapped Children Act ("EHA"), 20 U.S.C. § 1400 *et seq.* Defendants interpose two defenses—that the Act should not apply retroactively, and that attorneys fees should not be available for administrative proceedings.[1] Because neither of these arguments has merit, the plaintiffs are entitled to summary judgment.

### I.

The EHA, enacted in 1975, ensures that handicapped children are given access to public education by providing federal money to assist state and local agencies in educating these handicapped children. Certain parties, such as these plaintiffs, may bring actions to enforce their rights under the EHA. In July of 1984, the Supreme Court held that attorneys' fees were not available to the prevailing party in such an action. *Smith v. Robinson*, 468 U.S. 992, 1020, 104 S.Ct. 3457, 3472, 82 L.Ed.2d 746 (1984). Subsequently, in August 1986, Congress enacted the Handicapped Children's Protection Act of 1986 ("the Act"), Public Law 99-372. This Act effectively overturns the Supreme Court's holding in *Smith v. Robinson, supra,* by allowing an award of attorneys' fees to the parents or guardians of handicapped youth who prevail in a special education action. Though passed in late 1986, the Act provided that attorneys' fees would be awardable for any action brought before July 4, 1984, which was pending on July 4, 1984, as well as for any action brought after July 3, 1984.

### II.

Defendants first argument is that the attorneys' fees provision in the Handicapped Children's Protection Act "should not be enforced retroactively." Memorandum of Points and Authorities in Support of [Defendants'] Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.Br.") at 7. Specifically, defendants raise two objections. First, they express concern that retroactive application of the Act will offend notions of the "separation of powers" by reversing final Court orders, *id.* at 8, although they do not point to any final court orders which the plaintiffs are attempting to reopen. Second, defendants assert that retroactive application of the fees provision would act as a condition on the grant of federal funds, a condition which they contend they were unaware of when they accepted the funds. Defendants assert that retroactively thereby impairs the voluntary "contract" between the federal government and the District with respect to EHA funding, *id., citing Pennhurst State School v. Halderman,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694

---

1. Defendants also object to granting attorneys fees on several factual grounds—for instance, whether in certain cases the plaintiffs have prevailed on the merits, whether the amounts plaintiffs seek are reasonable, and whether the plaintiffs negotiated fee settlements in good faith. These are issues which must be determined, but which need be determined only after resolution of defendants' legal contention that fees are not properly awardable at all.

(1981), and thus exceeds Congress's spending power.

Neither of these arguments is persuasive. The Supreme Court has held that it is within the authority of Congress to pass retroactive legislation, especially where, as here, the legislators are attempting to explicate what they intended in an earlier version of the law. *See Pension Benefits Guaranty Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984). *See also Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). In this case, by the later, retroactive Act, Congress was expressing its explicit approval for attorneys' fee awards after the Supreme Court had denied the award of such fees. This type of retroactive clarification is clearly within Congressional authority and does not offend the constitution. Thus, most of the federal district courts that have considered this issue have upheld the retroactive application of the Act. *Rollinson v. Biggs,* 656 F.Supp. 1204 (D.Del. 1987); *Silano v. Tirozzi,* 651 F.Supp. 1021, 1027 (D.Conn.1987); *School Board of the County of Prince William v. Jerry F. Malone,* 662 F.Supp. 999 (E.D.Va.1987); *Edward B. v. Rochester New Hampshire School District,* 1986–87 EHLR DEC. (CCR) 558:176 (D.N.H.1986). *Cf. Lana Abu-Sahyun v. Palo Alto Unified S. Dist.,* 1986–87 EHLR DEC. (CCR) 558:275 (N.D. Cal.1987).

As to defendants' two more specific points: *first,* defendants have not shown that retroactive application would intrude on the judicial function by dictating a result in any specific judicial decision and thus they have failed to indicate how the notion of "separation of powers" might be transgressed by retroactivity. *Second,* defendants' contract impairment argument misreads *Pennhurst. Pennhurst* does not hold that Congress *cannot* retroactively condition the receipt of funds; rather *Pennhurst* deals with the question of Congressional intent and whether such retroactivity was intended in that case. In this case, there is no doubt that Congress intended to allow awards of attorneys' fees to prevailing plaintiffs. Therefore, there is no infirmity in the statute in question.

Finally, it is worth noting that the District of Columbia has reimbursed prevailing plaintiffs in numerous other cases brought under the Act. It is disturbing to this Court that the defendant District of Columbia would not have a consistent policy with regard to fee payments—either such payments are unconstitutional as argued here and should not be made; or else they are paid, as in other cases, and the District should not allege their unconstitutionality as it does here.

In summary, I find the retroactive section of the Act in question is not a bar to plaintiffs recovery of attorneys' fees.

### III.

The defendants other argument is that "the Act should not be interpreted to permit the award of attorneys' fees to parents who prevail at the administrative level." Def.Br. at 10. However, Congress manifested its intention that attorneys' fees would be recoverable for administrative proceedings in the clear words of the statute. Specifically, Section 1415(e)(4)(B) reads, "in any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees ..."[2] Thus, the words of the statute itself support the plaintiffs' position that fees are recoverable for administrative proceedings. *Burpee v. Manchester School District,* 661 F.Supp. 731 (D.N.H.1987); *Michael F. v. Cambridge School Department,* 1986–87 EHLR DEC. (CCR) 558:269,

**2.** While defendants' may argue for a narrow reading which construes "under this subsection" to refer only to judicial proceedings, the subsection in question contemplates administrative proceedings as well. Subsection (e)(1) of section 1415 reads:

A decision made in a hearing conducted pursuant to paragraph (2) of subsection (b) of this section shall be final except that any party involved in such hearing may appeal such decision under the provisions of subsection (c) and paragraph (2) of this subsection. A decision made under subsection (c) of this section shall be final, except that any party may bring an action under paragraph (2) of this subsection.

270–71 (D.Mass.1987). [Available on WESTLAW; DCT data base].

Despite the plain words of the statute, defendants' urge the Court to look at the legislative history of the Act which, they argue, reveals a Congressional intent to deny fees for administrative proceedings. To make this argument, defendants rely on *North Carolina Dept. of Transportation v. Crest Street Community Council,* — U.S. ——, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), wherein the Supreme Court recently held that attorneys' fees under 42 U.S.C. § 1988 are to be awarded for administrative proceedings only when those proceedings are part of or followed by a lawsuit. *Id.* at 341. Defendants argue that in passing the Handicapped Act, Congress intended only to make the fees provision coextensive with other fee-shifting statutes. Thus, they reason, now that the Supreme Court has found administrative proceedings not covered under 42 U.S.C. § 1988, this Court should similarly find administrative proceedings not covered under the Handicapped Act.

The problem with this argument is that when Congress considered the fees provision at issue here it thought that fees *were* recoverable for administrative proceedings under other fee-shifting statutes. Both the Senate and House reports cite *New York Gaslight Club, Inc., v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), which held that under Title VII, a prevailing party could obtain an award of fees, costs, and expenses incurred in mandatory state and local administrative proceedings, even when no lawsuit was filed. *See* S.Rep. No. 99–112, 99th Cong., 2nd Sess. *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798; H.Rep. No. 99–296, 1st Sess. (Oct. 2, 1985).

Thus, while it might be true that Congress wanted the Handicapped Act to parallel these other statutes, it wanted to do so to *ensure* that attorneys' fees would be awarded for administrative proceedings, not to defeat such awards. For instance, the Senate Report says, "Section 2 provides for the award of reasonable attorney's fees to prevailing parents in EHA civil actions and in administrative proceedings to par-

ents in certain specified circumstances," S.Rep. No. 99–112, 99th Cong., 2nd Sess. *reprinted in* 1986 U.S.Code Cong. & Admin.News 1799, 1800, and later, "The committee intends that S. 415 will allow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative proceedings." *Id.* at 1804. The House Report is in accord, stating, for instance, that:

> ... if a parent prevails on the merits at an administrative proceeding (and the agency does not appeal the decision), the parent may be awarded reasonable attorneys' fees, costs and expenses incurred in such administrative proceeding. Usually, the amount of such fees, costs, and expenses will be agreed to by the public agency. If no agreement is possible, the parent may file a law suit for the limited purpose of receiving an award of reasonable fees, costs and expenses.

H.Rep. No. 99–296, 1st Sess. 5 (Oct. 2, 1985). In short, there is little doubt here what Congress intended in passing the Handicapped Act—it intended fees to be recoverable for administrative proceedings. Nothing in *North Carolina Transportation, supra,* does—or for that matter, could—change Congress's clear intention.

Finally, I also note that the United States Department of Education has issued an opinion letter on this subject. The letter cites the language from the legislative history outlined above and concludes that the quoted language "indicate[s] that fees incurred at the administrative 'due process' level are subject to reimbursement ..." Letter of G. Thomas Bellamy, Director, Office of Special Education Programs, of the U.S. Department of Education, to Mr. and Mrs. Ralph Knipe (November 12, 1986), *reprinted in* EHLR Supplement No. 184, 211:425, 426 (January 16, 1987).

Thus, the plaintiffs are entitled to recover their attorneys' fees for the proceedings in question notwithstanding the fact that these proceedings were administrative, not judicial, in nature. *Keay v. Bismark School District,* 1986–87 EHLR DEC. (CCR) 558:317 (E.D.Mo.1987) [Available on WESTLAW, DCT database]; *Burpee, su-*

**267**

*pra; Michael F., supra; Malone, supra. Contra Rollinson v. Biggs,* 660 F.Supp. 875 (D.Del.1987) (order denying attorneys' fees for administrative proceedings).

### IV.

The legal obstacles to plaintiffs' relief having thus been settled, the only remaining issue is the determination of how much money is due and owing to each plaintiff still in the case.[3] Nowhere in the pleadings do the plaintiffs outline in a clear and concise manner the nature of each plaintiff's claim, the resolution of that claim, the time spent on the claim, the billing rate, and thus the amount due that plaintiff. Therefore, though plaintiffs are entitled to judgment in their favor, final relief cannot be entered at this time. Rather, plaintiffs will be given thirty (30) days from the date of this Order to file affidavits with the Court outlining in detail, on a case by case basis, the information requested above. The defendants will then have twenty (20) days to raise (or re-raise) objections—again on a case by case basis—to the amount of plaintiffs' requested relief. In this manner, I will be able to determine exactly what relief is appropriate for each plaintiff.

The parties are, of course, welcome to attempt to reach agreement between themselves during this time period, as well. I will withhold a ruling on plaintiffs' motion for Rule 11 sanctions until such time as the case is completed.

An appropriate Order accompanies this Memorandum.

### ORDER

For the reasons outlined in the Memorandum dated July 28, 1987, it is this 28 day of July, 1987, hereby

ORDERED that defendants' motions to dismiss and to sever be denied and it is further

ORDERED that plaintiffs' motion for summary judgment be granted and it is further

ORDERED that plaintiffs file detailed affidavits, within thirty (30) days of the date of this Order, outlining, on a case by case basis, the following information:

1. the nature of the claim;
2. whether the plaintiff has prevailed on the merits;
3. how many hours were spent on the claim and how this time was spent;
4. the billing rate for this time;
5. the total amount claimed;

The defendants shall have twenty (20) days from the time the plaintiffs' affidavits are filed to interpose any objections to the amounts requested.

---

**3.** At the July 1, 1987, motions hearing, the parties appeared to agree that several of the plaintiffs had received fee awards from the government and were therefore no longer part of this action. The Court has not yet received a notice of dismissal from these plaintiffs.