Clifford BURR, by his parents and next
friends, Kenneth and Betty
BURR, Plaintiffs,

v.

Gordon AMBACH, as Commissioner of
the New York State Education
Department, Defendant.

No. 86 Civ. 7164 (RLC).

United States District Court,
S.D. New York.

March 9, 1988.

New York Lawyers for the Public Interest, New York City (Herbert Semmel, Ellen M. Saideman, of counsel), Legal Services of Central New York, Inc., Syracuse, N.Y. (Lewis Golinker, of counsel), BLS Legal Services Corp., Federal Litigation Program, Brooklyn, N.Y., for plaintiffs.

Robert Abrams, Atty. Gen., of State of N.Y., New York City (Martha O. Shoemaker, of counsel), for defendant.

OPINION

ROBERT L. CARTER, District Judge:

In administrative proceedings before a hearing officer appointed by the New York State Commissioner of Education, plaintiff Clifford Burr challenged the recommendation of the New York Institute for the Education of the Blind ("the Institute") that he not be appointed to its program for the handicapped. The hearing officer directed plaintiff's admission to the Institute's program, and awarded plaintiff a year of free public education to compensate him for the delay in his placement. The Institute appealed both of these decisions to the Commissioner of Education, who upheld plaintiff's admission to the Institute, but reversed the award of compensatory education. Plaintiff brought suit in this court under the Education of the Handicapped Act ("the Act"), 20 U.S.C. §§ 1400–1485, challenging the Commissioner's denial of compensatory education to him. In an opinion dated November 9, 1987, with which familiarity is assumed, the court granted the Commissioner's motion dismissing the amended complaint for failure to state a claim. *Burr v. Ambach*, 86 Civ. 7164 (RLC), slip op. (S.D.N.Y. Nov. 9, 1987)

(Carter, J.) [Available on WESTLAW, 1987 WL 19957]. The court noted, however, that plaintiff's claim for attorney's fees in connection with representation at the agency level that culminated in plaintiff's admission to the Institute was still pending.[1] *Id.*, slip op. at 9 nn. 1 & 4.

Shortly before the court issued its opinion, the Commissioner moved for a judgment dismissing the Supplemental Complaint on the pleadings. Plaintiff then moved for summary judgment granting him some $52,000 in attorney's fees. Plaintiff also moves to amend the Supplemental Complaint to name the Institute as a party defendant. With regard to the court's previous decision on the claim for compensatory education, plaintiff filed a Notice of Appeal. That appeal was withdrawn without prejudice, however, in the belief that the order appealed from was not final. *Burr v. Ambach*, No. 88–7005 (2d Cir. Jan. 26, 1988) (stipulation). Plaintiff now asks the court to direct the entry of final judgment as to the claim adjudicated in the court's November 9 opinion.

## DISCUSSION

Section 615(e)(4)(B) of the Education of the Handicapped Act, 20 U.S.C. § 1415(e)(4)(B), added by the Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, 100 Stat. 796–98 (1986), provides that

[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

Defendant's motion for judgment on the pleadings is premised on two alternative grounds. First, defendant asserts that the Act's attorney-fee provision does not envision the award of fees to a party who prevails at the administrative level. In the alternative, defendant argues that the Commissioner was not a party against whom plaintiff prevailed at the agency level, and hence cannot be held responsible for plaintiff's attorneys' fees.

Defendant's first argument has been rejected by the overwhelming weight of authority.[2] While it is true that the literal language of section 615(e)(4)(B) refers only to "action[s] or proceeding[s] brought under this subsection," i.e. subsection (e) of section 615, and it is arguable that section 615(e) authorizes civil actions but not administrative proceedings, *but see Michael F. v. Cambridge School Dep't*, 1986–87 E.H.L.R. Dec. 558:269, 270 (D.Mass. Mar. 5, 1987) [available on WESTLAW, 1987 WL 7752]; *Prescott v. Palos Verdes Peninsula Unified School*, 659 F.Supp. 921, 923 (C.D. Cal.1987), the court cannot overlook the plain fact that sections 615(e)(4)(D)(i) & (E)[3] expressly envision the award of

1. The claim for attorney's fees was brought by way of Supplemental Complaint. The court granted plaintiff leave to file his Supplemental Complaint by Order dated May 15, 1987.

2. Of the eleven district courts that have considered this issue, ten have rejected defendant's argument. *Unified School Dist. No. 259 v. Newton*, 673 F.Supp. 418 (D.Kan.1987); *Moore v. District of Columbia*, 666 F.Supp. 263 (D.D.C. 1987); *Kristi W. v. Graham Independent School Dist.*, 663 F.Supp. 86 (N.D.Tex.1987); *School Board of Prince William County v. Malone*, 662 F.Supp. 999 (E.D.Va.1987); *Burpee v. Manchester School Dist.*, 661 F.Supp. 731 (D.N.H.1987); *Prescott v. Palos Verdes Peninsula Unified School Dist.*, 659 F.Supp. 921 (C.D.Cal.1987); *Holly S. v. Mars Area School Dist.*, 1987–88 E.H.L.R. Dec. 559:148 (W.D.Pa. Sept. 4, 1987) (Magistrate's Report and Recommendation, adopted by the court Sept. 24, 1987); *Dodds v. Simpson*, 676 F.Supp. 1045 (D.Or.1987); *Keay v. Bismarck*

*R–V School Dist.*, 1986–87 E.H.L.R. Dec. 558:317 (E.D.Mo. Apr. 14, 1987) [Available on WESTLAW, 1987 WL 16882]; *Michael F. v. Cambridge School Dist.*, 1986–87 E.H.L.R. 558:269 (D.Mass. Mar. 5, 1987). *See also* Schreck, Attorneys' Fees for Administrative Proceedings Under the Education of the Handicapped Act, 60 Temple L.Q. 599 (1987). *Contra Rollison v. Biggs*, 660 F.Supp. 875 (D.Del.1987).

3. Section 615(e)(4)(D)(i) provides that "[n]o award of attorneys' fees ... may be made in any action or proceeding under this subsection for services performed subsequent to the time of a written offer of settlement to a parent or guardian, if ... the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than ten days before the proceeding begins."
Section 615(e)(4)(E) provides that "[n]otwithstanding the provisions of subparagraph (D), an

fees for administrative representation. *Michael F.*, 1986–87 E.H.L.R. at 558:271. Nor may one readily accede to an interpretation of the phrase "any action *or proceeding*" which renders the latter term mere surplusage. *New York Gaslight Club v. Carey*, 447 U.S. 54, 61, 100 S.Ct. 2024, 2029–30, 64 L.Ed.2d 723 (1980); *see United States v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955).

Any doubt to which the provision's ambiguity might give rise is dispelled by its remarkably unequivocal legislative history. *See generally* Schreck, Attorneys' Fees for Administrative Proceedings Under the Education of the Handicapped Act, 60 Temple L.Q. 599, 639–50 (1987). The Senate Report explained that Senate Bill 415 "will allow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative proceedings." S.Rep. No. 112, 99th Cong., 1st Sess. 14, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1804. *See also* H.R. Rep. No. 296, 99th Cong., 1st Sess. 5 (1985) ("proceeding" refers to "a due process hearing or a state level review"); 131 Cong.Rec. 21392 (1985) (statement of Sen. Simon); *id.* at 31370 (remarks of Rep. Williams); *id.* at 31371 (remarks of Rep. Bartlett); *id.* at 31373 (remarks of Rep. Biaggi); *id.* at 31376 (remarks of Rep. Miller). The House Report explained that

> [t]he 'action or proceeding' language in section 2 of the bill is identical to the language in title VII of the Civil Rights Act of 1964, interpreted by the Supreme Court in [*Gaslight, supra*]. In *Gaslight,* the Court held that the use of the

phrase 'action or proceeding' indicates an intent to subject the losing party to an award of attorneys' fees, expenses and costs incurred in court. The Court's decision also established a similar right under title VII to obtain an award of fees, costs, and expenses incurred in mandatory state and local administrative proceedings, even where no lawsuit is filed.

H.R.Rep. No. 296, *supra,* at 5. *See also* S.Rep. No. 112, *supra,* at 14. The Act's fee provision is essentially identical to Title VII's, 42 U.S.C. § 2000e–5(k),[4] after which it was modelled.[5]

Defendant argues, however, that *North Carolina Dep't of Transportation v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), decided subsequent to the Act's amendment, requires a different result. In *Crest Street,* the Court found that both the plain language and the legislative history of the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, supported the conclusion that attorney's fees may not be awarded under that section "in an independent action which is not to enforce any of the civil rights listed in § 1988." 107 S.Ct. at 340. " '[T]he short answer' " to defendant's argument that the same rule should govern fee petitions under the Education of the Handicapped Act " 'is that Congress did not write the statute that way.' " 107 S.Ct. at 341 (quoting *Garcia v. United States,* 469 U.S. 70, 79, 105 S.Ct. 479, 484–85, 83 L.Ed.2d 472 (1984)). *See, e.g., Michael F.*, 1986–87 E.H.L.R. at 558:271–72. Rather, as noted above, Congress modelled the Act's fee provision on Title VII's, 42

---

award of attorneys' fees and related costs may be made to a parent or guardian who is the prevailing party and who was substantially justified in rejecting the settlement offer."

**4.** 42 U.S.C. § 2000e–5(k) provides that "[i]n any action or proceeding brought under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

**5.** To assuage the concerns of some Representatives over the provision for fee awards based solely on administrative representation, *e.g.*

H.R.Rep. No. 296, *supra,* at 15 (Supplemental Views); 131 Cong.Rec. at 31371 (1985) (remarks of Rep. Bartlett) (provision "mistakenly extends the authority for the recovery of attorneys' fees into [the Act's] administrative hearing process"); *id.* at 31376 (Rep. Jeffords); *id.* at 31377 (Rep. Johnson), the House Committee included a "sunset" clause in its bill which would have replaced the words "action or proceeding" with "civil action," effective four years after enactment. *Id.* at 31370. The conference committee deleted the clause. H.R.Conf.Rep. No. 687, 99th Cong., 2d Sess. 7, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1807, 1809.

U.S.C. § 2000e–5(k), which, unlike section 1988, authorizes a civil action seeking no relief other than attorney's fees for administrative representation. *Gaslight,* 447 U.S. at 66, 100 S.Ct. at 2032.[6]

■ For these reasons, plaintiff is entitled to recover a reasonable attorney's fee from the party against whom he prevailed at the administrative level on the issue of his placement at the Institute. That party, the Institute itself, is not presently before the court, and plaintiff has moved pursuant to Rule 15(a), F.R.Civ.P., to amend the Supplemental Complaint to add the Institute as a party-defendant. Leave to amend must be "freely given when justice so requires." Rule 15(a), F.R.Civ.P. Defendant's argument that leave to amend must be denied where the amended pleading is legally insufficient, while true, is irrelevant here, where the right to the relief sought is given by statute. No prejudice has been shown.[7]

The conclusion that plaintiff may seek attorneys' fees in this court for his administrative victory, however, does not settle the question of whether the Commissioner is a party liable for those fees. Plaintiff argues that, since the Commissioner is the only official with the authority to appoint state pupils to the Institute, N.Y.Educ.L. § 4201(2)(c), it is the Commissioner against whom plaintiff prevailed when he gained admission to the Institute. Plaintiff cites no authority, however, for the novel proposition that attorneys' fees may be levied against a decisionmaker.

Plaintiff might have gone on to argue that the Commissioner almost certainly violated federal law by reviewing the hearing

officer's decision admitting plaintiff to the Institute. *See Burr v. Ambach, supra,* slip op. at 9, n. 4. The Act provides that the decision of a hearing officer appointed by the State educational agency—here, the State Department of Education—"shall be final" as to "complaints" within the scope of section 1415(b)(1)(E), unless challenged by civil action. 20 U.S.C. § 1415(e)(1) & (2). A complaint about plaintiff's "educational placement" is expressly within the scope of that section. 20 U.S.C. § 1415(b)(1)(E). While, as was noted in the court's previous opinion, plaintiff is not aggrieved by the Commissioner's affirmance of the decision to place him at the Institute, *Burr v. Ambach, supra,* slip op. at 6, the unlawful act of review caused plaintiff to incur unnecessary attorneys' fees.[8]

Nonetheless, from such an argument it does not follow that plaintiff's remedy is an assessment against the Commissioner of the attorneys' fees he incurred by virtue of the unlawful administrative review proceeding. The general rule in the federal courts is that, in the absence of congressional authorization, the judiciary may not reward a party with his attorney's fee. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616–17, 44 L.Ed.2d 141 (1975). No statute known to the court permits it to remedy the Commissioner's violation of the Education of the Handicapped Act by requiring him to pay plaintiff's attorneys' fees. Plaintiff's only remedy is against the Institute.

### CONCLUSION

Plaintiff is granted leave to file an amended complaint seeking his administra-

---

6. Defendant also asserts that *Crest Street* disapproved of dicta in *Gaslight* upon which Congress relied in drafting the Act's fee provision. Even if true, "[n]othing in [*Crest Street*] does—or for that matter, could—change Congress's clear intention" to permit a parent to file a lawsuit "'for the limited purpose of receiving an award of reasonable fees, costs and expenses.'" *Moore,* 666 F.Supp. at 266 (quoting H.Rep. No. 296, *supra,* at 5); *see also Unified School District No. 259 v. Newton,* 673 F.Supp. at 423; *Burpee,* 661 F.Supp. at 733; *Michael F.,* 1986–87 E.H.L. R. at 558:272. *Contra Rollison,* 660 F.Supp. at 877.

7. The Institute was served with plaintiff's petition for attorneys' fees in October, 1986. Saideman Aff't, Jan. 15, 1988. ¶ 8. The Commissioner's delegate responded to that petition by stating that only the courts "are authorized to award attorneys' fees. The statute does not authorize an administrative officer such as the [Commissioner] to award attorneys' fees in such matters." Letter of Robert D. Stone to Lewis A. Golinker, Dec. 11, 1986.

8. The Commissioner's review of the hearing officer's award of compensatory education, on the other hand, was not proscribed by the Act. *Burr v. Ambach, supra,* slip op. at 6.

tive attorneys' fees from the New York Institute for the Education of the Blind. Plaintiff shall submit full documentation in support of his claim that all of the attorney-time for which he seeks reimbursement was devoted to the issue of placement, not that of compensatory education. Plaintiff is further instructed to append to his amended complaint a typewritten transcript of the partly illegible time sheets attached to the Affidavit of Lewis A. Golinker, sworn to March 3, 1987.

The Commissioner's motion to dismiss the Supplemental Complaint is granted, and plaintiff's motion for summary judgment is denied. Because plaintiff's action has been completely terminated as to the Commissioner, the court determines that there is no just reason for delay in the entry of a final judgment. *Nat'l Metalcrafters v. McNeil,* 784 F.2d 817, 821 (7th Cir.1986); *Backus Plywood Corp. v. Commercial Decal, Inc.,* 317 F.2d 339, 341 (2d Cir.), *cert. denied,* 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963). The clerk of the court is therefore directed, pursuant to Rule 54(b), F.R.Civ.P., to enter a final judgment dismissing all of plaintiff's claims against the Commissioner.

IT IS SO ORDERED.