**DUANE M., Plaintiff–Appellee,**

v.

**ORLEANS PARISH SCHOOL BOARD, Defendant–Appellant.**

No. 87–3906
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1988.

Kenneth F. Sills, New Orleans, La., for defendant-appellant.

James E. Comstock–Galagan, New Orleans, La., for plaintiff-appellee.

Before POLITZ, KING and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The Orleans Parish School Board ("School Board") appeals the district court's award of attorneys' fees and costs to Duane M., incurred in his successful efforts to pursue administrative remedies with the School Board under the Education of the Handicapped Act. The School Board charges that, because this suit was brought solely for the purpose of obtaining attorneys' fees, the district court lacked subject matter jurisdiction and that hence Duane's suit fails to state a claim upon which relief can be granted. Agreeing with the district court that the Handicapped Children's Protection Act mandates an award of attorneys' fees, and authorizes a separate suit to be brought for these fees when they are incurred in the successful pursuit of administrative remedies, we affirm.

### I. *Facts.*

In the spring of 1985, the School Board evaluated Duane as an autistic child. The School Board's evaluating team recommended that Duane receive twenty-four-hour supervision, because the great discrepancy between his physical development and low level of functioning made him a danger to himself and others. During the summer of 1985, the School Board held an Individualized Education Program ("IEP") meeting, attended by school officials, evaluation team members, and Duane's parents. The result of the meeting was a decision to place Duane in a special residential school within the next thirty days. However, while Duane attended special summer programs, school officials delayed his placement into a residential school; the School Board had not yet placed Duane even as the new 1985–86 school year began.

In October 1985, Duane's parents requested a due process hearing pursuant to the provisions of the Education of the Handicapped Act. Prior to that hearing, an additional IEP conference was held in which several school officials disputed Duane's earlier classification as an autistic child. They concluded Duane's needs would be better served if he were placed in a program for non-aggressive, emotionally disturbed children in Southeast Louisiana State Hospital. After initially refusing to admit Duane into their program because of his autism, the Hospital capitulated to the School Board's requests and notified Duane's parents on October 22, 1985, that it would admit Duane.

Duane's parents disagreed with the School Board's reappraisal of Duane's needs and went forward with the due process hearing. When the hearing commenced on October 24, 1985, the School Board argued that Duane's classification as autistic was in error, and that he should be placed in a class for emotionally disturbed children. Duane's parents, represented by an attorney from the Advocacy Center for the Elderly and Disabled, argued that Duane properly had been classified as autistic and that the program offered at Southeast Louisiana State Hospital was inappropriate for his needs. In addition, the parents contended that the original recommendation for Duane was best; he would do better in a residential program for high-functioning autistic children.

On February 20, 1986, the hearing officer issued his decision accepting Duane's parents' contentions regarding Duane's status. Nevertheless, the officer concluded that placement in the Hospital's program would serve Duane's needs adequately. Duane's parents appealed the placement decision to the state-level review panel. That panel overruled the hearing officer's placement decision and held that Duane should be placed in a residential program for autistic children.

In September 1986, the parties signed a settlement agreement. The School Board agreed to place Duane in a Jefferson Parish class for high-functioning autistic children. The settlement was silent with respect to attorneys' fees. Duane's parents then filed the instant suit, seeking only attorneys' fees as provided under the Handicapped Children's Protection Act.

## II. *The Handicapped Children's Protection Act.*

The Education of the Handicapped Act ("EHA"), 20 U.S.C. § 1400 et seq.,[1] guarantees to all handicapped children a free, appropriate public education. In *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the Court held that the EHA was the exclusive statutory remedy for deprivations of educational rights which that act creates. The Court further held that because the statute contained no provision for attorneys' fees, fees were not available in suits brought to enforce those rights.

Congress disapproved of the decision in *Smith v. Robinson* and acted "swiftly, decisively, and with uncharacteristic clarity to correct what it viewed as a judicial misinterpretation of its intent." *Fontenot v. Louisiana Bd. of Elementary & Secondary Educ.*, 805 F.2d 1222, 1223 (5th Cir. 1986). Congress amended the EHA through the Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, 100 Stat. 796 (codified in scattered sections at 20 U.S.C. § 1400 et seq.) (1982 & Supp. 1988) ("HCPA"), whose application Congress made retroactive to the day before the Court announced its decision in *Smith v. Robinson*. *See* Pub.L. No. 99–372, § 5. The HCPA, adding § 1415(e)(4)(B), provides:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

The School Board contends that the phrase "action or proceeding" refers only to suits in the district court to enforce the provisions of the EHA. Under this reading of the HCPA, attorneys' fees would be available only when one party has brought suit after losing at the administrative level. No fees would be available to parents who, like Duane's parents, prevailed at the administrative level and therefore have nothing to appeal. Absent a continuing dispute between the parties, the parents of a child who prevailed at the due process hearings then could not bring a separate suit for fees in the district court.

Duane's parents contend that the HCPA's legislative history demonstrates that Congress intended to allow separate suits for attorneys' fees. They contend that the School Board's interpretation of the Act would thwart Congress' intent. They cite ten recent district court opinions considering the question, all but one having decided that parents may bring a separate suit for attorneys' fees.[2]

The district court decided this question of first impression in our circuit in favor of Duane's parents. The court granted summary judgment, holding that the EHA authorizes a separate action solely for attorneys' fees and that Duane was the prevailing party below.

We review de novo the summary judgment in favor of Duane's parents. The School Board admits that Duane is properly characterized as a prevailing party and hence, the disposition of this summary judgment ruling turns solely on questions of law concerning the proper interpretation of the HCPA's attorneys' fees provision.

## III. *Interpreting the HCPA.*

The School Board contends that because the language of section 1415(e)(4)(B) is unambiguous, and because it appears in a section entitled "Civil action; jurisdiction; attorney fees," we need not look to the legislative history of the HCPA in order to

1. Prior to Congress' 1985 amendments, the act was referred to as the "Education of All Handicapped Children's Act." In 1985, Congress gave the act a short title: "Education of the Handicapped Act." *See* 20 U.S.C. § 1400(a) (Supp. 1988).

2. *See Dodds v. Simpson*, 676 F.Supp. 1045 (D.Or. 1987); *Mathern v. Campbell County Children's Center*, 674 F.Supp. 816 (D.Wyo.1987); *Unified Sch. Dist. No. 259 v. Newton*, 673 F.Supp. 418 (D.Kan.1987); *Moore v. District of Columbia*, 666 F.Supp. 263 (D.D.C.1987); *Kristi W. v. Graham Indep. Sch. Dist.*, 663 F.Supp. 86 (N.D.Tex. 1987); *School Bd. of Prince William Co. v. Malone*, 662 F.Supp. 999 (E.D.Va.1987); *Burpee v. Manchester*, 661 F.Supp. 731 (D.N.H.1987); *Prescott v. Palos Verdes Peninsula Unified Sch. Dist.*, 659 F.Supp. 921 (C.D.Cal.1987); *Michael F. v. Cambridge Sch. Dept.*, No. 86–2532–C (D.Mass. Mar. 5, 1987) [available on WESTLAW, 1987 WL 7752]. *Contra Rollison v. Biggs*, 660 F.Supp. 875 (D.Del.1987).

   To the list of district court opinions supporting their position, Duane's parents may now add: *Chang v. Board of Educ.*, 685 F.Supp. 96 (D.N.J.1988); *Neisz v. Portland Pub. Sch. Dist.*, 684 F.Supp. 1530 (D.Or.1988); *Burr v. Ambach*, 683 F.Supp. 46 (S.D.N.Y.1988); *Holly S. v. Mars Area Sch. Dist.*, 1987–88 E.H.L.R. Dec. 559:148 (W.D.Pa. Sept. 4, 1987) (magistrate's report and recommendation, adopted by the court Sept. 24, 1987); *Keay v. Bismarck R–V Sch. Dist.*, 1986–87 E.H.L.R. Dec. 558:317 (E.D.Mo. Apr. 14, 1987) [available on WESTLAW, 1987 WL 16882].

decide that a separate action for attorneys' fees alone cannot be brought by a prevailing party. *See Caminetti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *Johnson v. Department of the Treasury, I.R.S.,* 700 F.2d 971, 974 (5th Cir.1983).

The School Board's argument is unpersuasive. The HCPA does not expressly confer upon prevailing parties at the administrative level a right to bring a separate action solely in order to recover attorneys' fees, nor does it forbid such an action. The statute is simply silent on the question which we address here. In such cases, we must turn to the legislative history.

The School Board also argues that we should give the phrase "action or proceeding" an interpretation consistent with other interpretations of the same phrase in other statutes. Specifically, the School Board contends that the language of section 1415(e)(4)(B) of the HCPA is similar to that of 42 U.S.C. § 1988.

Section 1988 provides that in "any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... or title VI of the Civil Rights Act of 1964," the district court may award attorneys' fees to the prevailing party. In a recent case, *North Carolina Dept. of Pub. Transp. v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), the Court held that no separate federal action could be brought to recover attorneys' fees under section 1988. The Court reasoned,

> The plain language of section 1988 suggests the answer to the question whether attorney's fees may be awarded in an independent action which is not to enforce any of the civil rights laws listed in section 1988. The section states that *in the action or proceeding to enforce* the civil rights laws listed ... *the court* may award attorney's fees. The case before us is not, and was never, an action to enforce any of these laws. On its face, section 1988 does not authorize a court to award attorney's fees except in an action to enforce the listed civil rights laws.

479 U.S. at 12, 107 S.Ct. at 340 (emphasis in original). Relying on this language, the School Board contends that because Duane's parents did not bring an action to enforce any of the educational rights which the EHA creates, the district court lacks

authority to adjudicate their separate suit for fees alone.

However, *Crest Street* is distinguishable on several grounds. First, the respondent, the Crest Street Community Council, sought attorneys' fees for legal work performed in administrative proceedings unconnected with the suit that was the basis of its appeal. In its administrative action, the Community Council had brought a civil rights complaint against the North Carolina Department of Transportation, alleging that the Department's plans for an expressway unfairly placed the burden of displacement upon a predominantly black neighborhood.

However, the litigation underlying the Council's appeal in *Crest Street* involved a separate action for injunctive relief brought against the Department of Transportation for violations of environmental protection statutes, statutes not within the sphere of section 1988. The Community Council had attempted to intervene in that action and also file a separate title VI complaint. Before the district court ruled on the intervention motion and complaint, however, it dismissed the entire suit on the condition that the Department of Transportation adhere to a proposed settlement involving all parties.

The instant suit is much simpler. Here, Duane's parents premise their claim for fees on the administrative victory they achieved below. Accordingly, they seek fees for legal representation undertaken in the mandatory administrative proceedings held in connection with their son's educational evaluation. The instant suit involves no "collateral" attempts to gain a fee award.

Second, the Court in *Crest Street* examined the language and legislative history of section 1988 and found it different from that of other statutes, most notably the attorneys' fee provision of title VII, 42 U.S.C. § 2000e–5(k). It stated, "We recognize that dicta in opinions of this Court suggest that authorization of attorney's fee awards only by a court in an action to enforce the listed civil rights laws would be anomalous." *Id.* at 13, 107 S.Ct. at 341 (citing *New York Gas Light Club, Inc. v. Carey,* 447 U.S. 54, 65–66, 100 S.Ct. 2024, 2031–2032, 64 L.Ed.2d 723 (1980) (mandatory state employment discrimination proceedings are proceedings to enforce title VII)). Despite the anomaly, the Court held that section 1988's language and legislative history dictated the result it reached. The

citation to *Carey* refers to dictum in that opinion that provides as follows:

> It would be anomalous to award fees to the complainant who is unsuccessful or only partially successful in obtaining state or local remedies, but to deny an award to the complainant who is successful in fulfilling Congress' plan that federal policies be vindicated at the state or local level. Since it is clear that Congress intended to authorize fee awards for work done in administrative proceedings, we must conclude that § 706(f)(1)'s authorization of a civil suit in federal court authorizes a suit solely to obtain an award of attorney's fees for legal work done in state and local proceedings.

*Carey*, 447 U.S. at 66, 100 S.Ct. at 2032.

The instant suit is much more akin to the situation in *Carey* than to that in *Crest Street*. Section 1415 itself, unlike section 1988, does not refer only to *suits* brought to enforce EHA created rights. It also refers to potential restrictions on attorney fee awards for work done in *administrative proceedings*. Section 1415(e)(4)(D) precludes an award of attorneys' fees in an "action or proceeding" when, in the case of an *administrative proceeding*, the local educational authority made an offer of settlement, more favorable than the final ruling, within ten days of that proceeding's commencement. *See Kristi W. v. Graham Indep. Sch. Dist.*, 663 F.Supp. at 88 (relying upon the language of section 1415(e)(4)(D) to hold that the phrase "action or proceeding" denotes administrative hearings as well as lawsuits).

The legislative history of section 1415 also evinces Congress' intent to provide attorneys' fees for parents who are successful at the mandatory administrative hearing. For example, the Report of the Senate Committee on Labor and Human Resources on S. 415, the bill that eventually became the HCPA, states:

> The committee also intends that [the fee provisions] should be interpreted consistent with fee provisions of statutes such as Title VII of the Civil Rights Act of 1964 which authorizes courts to award fees for time spent by counsel in mandatory administrative proceedings under those statutes.

S.Rep. No. 99–112, 99th Cong., 2nd Sess. 14, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1804. The committee cited *Carey* and also expressed its intent that a court, rather than a hearing officer, award fees for time spent in mandatory EHA administrative proceedings. *Id.*

In addition, the report of the House of Representatives Committee on Labor on H.R. 1523, the House version of the HCPA, expresses an intent to allow parents to bring a separate suit for attorneys' fees alone. The report states:

> [I]f a parent prevails on the merits ... at an administrative proceeding (and the agency does not appeal the decision), the parent may be awarded reasonable attorneys' fees, costs, and expenses incurred in such administrative proceeding. Usually, the amount of such fees, costs, and expenses will be agreed to by the public agency. If no agreement is possible, the parent may file a law suit for the limited purpose of receiving an award of reasonable fees, costs, and expenses.

H.R.Rep. No. 99–296, 99th Cong., 1st Sess. 5 (1985).

Members of both houses of Congress expressed similar reasons for awarding attorneys' fees for legal representation at the administrative level. At the floor debates during the Senate's deliberation on S. 415, Senator Simon succinctly explained:

> The mandated proceedings are quasi-judicial, and intimidating to many parents. School districts often employ attorneys to consult and prepare and/or present the district's position in due process hearings. The parent's tax dollars are helping to pay for that attorney and for any witnesses the school district may call in opposition to the parent. For even the most well-educated and most self-confident parent, representing oneself on a matter as vital as the education of one's child, and having to be examined and cross-examine witnesses, is an overwhelming prospect. When a parent is poor, of a minority group, or not well-versed in the intricacies of the law and regulations, the inequities of the situation are greatly increased.

131 Cong.Rec. S10,400–01 (daily ed. July 30, 1985). *See also* similar remarks made by Rep. Biaggi, 131 Cong.Rec. H9969 (daily ed. Nov. 12, 1985).

Finally, the legislative history of the HCPA also indicates that the conference committee rejected a "sunset provision" on awards of attorneys' fees for work done at the administrative level. *See Joint Explanatory Statement of the Conference Committee*, H.R.Rep. No. 99–687, 99th Cong., 2d Sess. 7, *reprinted in* 1986 U.S. Code Cong. & Admin.News 1798, 1807,

1809. That provision would have ended such awards four years after Congress enacted the legislation. *Id.*

### IV. *Conclusion.*

We hold that the attorneys' fee provisions of the HCPA, 20 U.S.C. § 1415(e)(4), are sufficiently different from 42 U.S.C. § 1988 in both language and legislative history that the dictum in *Carey,* rather than the Supreme Court's holding in *Crest Street,* controls the case before us. In so holding, we are in accord with the Sixth Circuit's thorough opinion in *Eggers v. Bullitt County Sch. Dist.,* 854 F.2d 892, 894–98 (6th Cir.1988). The legislative history of section 1415(e)(4) reflects Congress' unequivocal intent to award attorneys' fees to parents for legal representation at due process hearings which the EHA requires. To hold that prevailing parties in these hearings cannot bring a separate suit for attorneys' fees would defeat that intent as well as ignore Congress' obvious preference that the parties resolve these disputes outside the courtroom.[3]

The district court's ruling is AFFIRMED.

### On Rehearing

PER CURIAM:

The successful plaintiff-appellee has filed, out of time, a "Motion To Extend the Time Period for Petitioning for Rehearing." In the motion, the plaintiff calls our attention to the fact that our opinion was silent as to the plaintiff's prayer for attorneys' fees for time spent litigating this action before this court. The motion suggests that an extension of time "would provide the court with an opportunity to elucidate its silence on this issue and/or to instruct the parties on the proper course for resolving this issue."

The omission of this issue from the opinion was an oversight. Accordingly, we treat the plaintiff's motion as a motion for leave to file out-of-time petition for rehearing and as a petition for rehearing on the question of attorneys' fees on appeal. We grant the motion and the petition.

The successful plaintiff here is entitled to recover reasonable attorneys' fees for defending, in this court, the judgment for attorneys' fees obtained in the district court. *See Fontenot v. Louisiana Bd. of Elem. & Secondary Educ.,* 835 F.2d 117, 121 (5th Cir.1988). In his brief on appeal, the plaintiff requested $100 for 33 hours' work, for a total of $3,300 in attorneys' fees. We find 33 hours to be a reasonable expenditure of effort for litigating, on appeal, this question of first impression in this court. However, in the district court, the parties stipulated, and the district court agreed, that $90 per hour was a reasonable fee for litigating the issue in that court. We find that rate to be reasonable in this court as well and award it instead of the requested rate of $100. Consequently, the plaintiff shall recover, in addition to the usual taxable cost, attorneys' fees for 33 hours at $90, or $2,970.

In all other respects, the petition for rehearing is denied.

---

3. The School Board also contends that the award of attorneys' fees is unjust because special circumstances obtain in this case. Specifically, the School Board complains that at the time it approved the settlement it had negotiated with Duane's parents, *Smith v. Robinson* controlled, and attorneys' fees were not an issue. However, the School Board fails to demonstrate that the settlement somehow would have been different had it been aware of its potential liability for attorneys' fees. The settlement was non-monetary; it concerned the type of educational program in which Duane would participate. A showing of only speculative harm, or a potential effect on negotiating strategy, will not suffice to make an award of attorneys' fees unjust.