Lani **MOORE**, et al.

v.

**DISTRICT OF COLUMBIA, et al., Appellants.**

No. 88–7003.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 21, 1988.

Decided June 20, 1989.

Rehearing En Banc Granted Aug. 24, 1989.

Donna M. Murasky, with whom Frederick D. Cooke, Jr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., District of Columbia, were on the brief, for appellants.

Michael J. Eig, with whom Matthew B. Bogin, Washington, D.C., and Margaret A. Kohn were on the brief, for appellees.

Before EDWARDS, WILLIAMS and FRIEDMAN,* Circuit Judges.

Opinion for the Court filed by Circuit Judge FRIEDMAN.

Dissenting opinion filed by Circuit Judge EDWARDS.

FRIEDMAN, Circuit Judge:

The question in this case, here on appeal from the United States District Court for the District of Columbia, is whether under the Education of the Handicapped Act ("EHA"), 20 U.S.C. § 1400 *et seq., as amended by* The Handicapped Children's Protection Act of 1986 ("HCPA"), 20 U.S.C. § 1415(e)(4)(B) *et seq.*, the district court has authority to award attorney fees to persons who prevail in administrative proceedings under that statute, in a suit brought solely to obtain those fees. The district court held that the Act authorizes it to award attorney fees in that situation and made an award. *Moore v. District of Columbia*, 666 F.Supp. 263 (D.D.C.1987). We hold that the Act does not give the district court authority to award such fees, and therefore reverse the district court's award.

I

A. The EHA is a comprehensive scheme providing federal funds to aid States and local agencies in complying with their constitutional obligations to provide public education for handicapped children. *Smith v. Robinson*, 468 U.S. 992, 1009, 104 S.Ct.

* Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a).

**336**

3457, 3467, 82 L.Ed.2d 746 (1984); *Hendrick Hudson Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 179, 102 S.Ct. 3034, 3037, 73 L.Ed.2d 690 (1982). As a condition of obtaining federal financial assistance, the States must have adopted "a policy that assures all handicapped children the right to a free appropriate public education," 20 U.S.C. § 1412(1), and provide procedural safeguards for the enforcement of those rights. 20 U.S.C. § 1415.

The "free appropriate public education" required is tailored to the unique needs of the handicapped child by means of an "individualized educational program." Prepared at meetings between a representative of the local school district, the child's teacher, and the parents or guardians of the child, the program must include statements about the child's present level of performance, annual goals, the specific educational services to be provided, and appropriate objective criteria and evaluation procedures to determine whether educational objectives are being achieved. 20 U.S.C. § 1401(19).

The EHA sets forth a number of procedural safeguards that give parents the opportunity directly to participate in decisions concerning the education of their handicapped children. Parents have the right (1) to examine all relevant records concerning the evaluation and educational placement of their child, § 1415(b)(1)(A), (2) to receive prior written notice whenever the school district proposes or refuses to change the placement of their child, § 1415(b)(1)(C), and (3) to receive an "impartial due process hearing" after registering a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child." § 1415(b)(1)(E). The filing of such a complaint with the school district creates the opportunity for a hearing before either the State educational agency, the local educational agency, or the intermediate educational agency, as State law provides. 20 U.S.C. § 1415(b)(2).

When the hearing is conducted by a local or an intermediate educational agency, any party aggrieved by the agency's findings and decision may obtain review by the State educational agency. 20 U.S.C. § 1415(c). Parties to that hearing or to the State review proceeding have "the right to be accompanied and advised by counsel" and by persons with special knowledge or training regarding the problems of handicapped children. 20 U.S.C. § 1415(d).

Administrative decisions are final, 20 U.S.C. § 1415(e)(1), except that any party aggrieved by the findings and decision made at the hearing (that are not appealable to the State agency under subsection (c)) or any party aggrieved by the findings and decision of the State review proceeding may bring a civil action "with respect to the complaint presented pursuant to [section 1415]" in a State court or in a United States District Court. 20 U.S.C. § 1415(e)(2). In that judicial action, the court may take additional evidence at the request of a party, and "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2).

As originally enacted, the EHA did not contain any provision for the payment of attorney fees to parents who were the prevailing parties. Parents asserting claims under the EHA frequently joined claims based on § 504 of the Rehabilitation Act of 1973 or 42 U.S.C. § 1983 in order to take advantage of the fee-awarding provisions of those statutes. In *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the Supreme Court held (1) that where the EHA covered a suit brought on behalf of a handicapped child, that Act provided the exclusive remedy for the enforcement of the child's rights, and (2) that because the EHA did not contain a provision for attorney fees, fees were not available in suits brought to enforce those rights.

Congress responded by enacting the Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, 100 Stat. 796–98 (HCPA), which effectively overturned the Supreme Court's decision in *Smith v. Robinson*. The HCPA amends the EHA "to authorize the award of reasonable attorneys' fees to certain prevailing parties, to clarify the effect of the Education of the

Handicapped Act on rights, procedures, and remedies under other laws relating to the prohibition of discrimination, and for other purposes." Preamble to Pub.L. No. 99–372.

B. The appellees are nine learning disabled children who prevailed in due process hearings under the EHA in the District of Columbia and were placed in various private day schools throughout the District. After the District rejected their requests for reimbursement of the attorney fees and costs they had incurred in the administrative proceedings, the appellees brought the present action in the district court for the sole purpose of obtaining such fees and costs.

On cross-motion for summary judgment, the district court held that § 1415(e)(4)(B) of the EHA (the provision added by the HCPA, that provides for the award of attorney fees), authorizes a court in a suit brought solely for that purpose, to award attorney fees for services rendered during the administrative proceedings. After an evidentiary hearing, the court awarded the nine appellees a total of $48,337.42 as attorney fees and costs covering both the administrative proceedings and the district court litigation.

## II

As in every case of statutory interpretation, our analysis "must begin with the language of the statute itself." *Dawson Chemical Co. v. Rohm & Haas Co.*, 448 U.S. 176, 187, 100 S.Ct. 2601, 2609, 65 L.Ed.2d 696 (1980). The provision of this statute providing for the award of attorney fees is § 1415(e)(4)(B), which states:

In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

A. In determining whether this provision authorizes a court to award attorney fees for services rendered in the administrative proceeding, in a suit brought solely to obtain such fees, three things stand out:

1. The reference to "brought under this subsection" is to subsection (e), which is one of six subsections of section 1415. When Congress wished to refer more broadly to other provisions of the statute, it said so explicitly. *See, e.g.,* § 1412 ("to qualify for assistance under this subchapter"), § 1413(a) ("the eligibility requirements set forth in section 1412 of this title"), § 1413(a)(9) ("Federal funds made available under this subchapter"), § 1415(e)(2) ("complaint presented pursuant to this section"), and § 1415(e)(3) ("[d]uring the pendency of any proceedings conducted pursuant to this section").

The only reference in subsection 1415(e) to the bringing of actions or proceedings is the statement in § 1415(e)(2) that "[a]ny party aggrieved by the findings and decision made under subsection (b) of this section … and any party aggrieved by the findings and decision under subsection (c) of this section [subsection dealing with administrative proceedings by State educational agencies],

shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

Section 1415(e)(2) permits a "party aggrieved" by the administrative decision to bring a civil action "with respect to the complaint presented pursuant to this section [section 1415]," i.e., such party may bring suit in a State or federal court to challenge the adverse administrative decision of the State agency. None of the appellees was a "party aggrieved" by the administrative decision in these cases, since all the appellees prevailed in those proceedings. *Cf. Robinson v. Pinderhughes*, 810 F.2d 1270, 1275 (4th Cir.1987). Since there

is nothing in the provisions governing the State administrative procedures (subsections 1415(b) and (c)) that provides for the award of attorney fees in the administrative proceeding or even suggests the possibility of such an award, the appellees cannot claim that they are "parties aggrieved" by the administrative decision because that decision did not award them attorney fees.

*Honig v. Doe,* 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988), involved the "stay-put" provision of the EHA, which provides that during the pendency of any proceeding conducted pursuant to section 1415, the child shall remain in its current educational placement. 20 U.S.C. § 1415(e)(3). In suits brought by parents challenging changes in the educational placement of handicapped children that were made during State administrative proceedings, the Supreme Court held that during such proceedings a State could not remove a child from its existing school placement on the ground that the child had engaged in dangerous or disruptive conduct in the school. In rejecting the State's claim that there should be a "dangerousness" exception to the "stay-put" provision, the Court stated that school officials had adequate authority to deal with a "truly dangerous child" by "invok[ing] the aid of the courts under § 1415(e)(2), which empowers courts to grant any appropriate relief," 108 S.Ct. at 605, and that "school officials are entitled to seek injunctive relief under § 1415(e)(2) in appropriate cases." *Id.* at 606.

We do not read the statements in *Honig,* which involved a quite different issue, as indicating that a suit seeking attorney fees for services rendered in the administrative proceeding would be an action or proceeding "brought under" subsection 1415(e). The Supreme Court there addressed the authority of a district court to grant an injunction pursuant to its power under § 1415(e)(2) to "grant such relief as the court determines is appropriate." In concluding that the authorized "relief" a court may grant includes an injunction, the Supreme Court intimated no opinion on whether a suit for attorney fees is "brought under" subsection 1415(e).

2. Attorney fees may be awarded only to a "prevailing party." This language refers to a prevailing party in the "action or proceeding brought under this subsection," i.e., attorney fees may be awarded only to someone who has prevailed in an "action or proceeding" brought under subsection 1415(e). The fact that the appellees were the prevailing parties in the administrative proceedings did not make them "prevailing part[ies]" to whom § 1415(e)(4)(B) authorizes the award of attorney fees.

3. The attorney fees are to be awarded as "part of the costs." If an attorney fee were awarded in a suit brought solely to obtain the fee, the fee could not be awarded as "part of the costs" in the suit since the fee was the sole objective of the suit.

The foregoing considerations indicate that the language Congress used in § 1415(e)(4)(B) provided for the award of attorney fees only in cases in which a party who lost in the administrative proceedings brought a judicial action challenging the administrative decision and prevailed in that judicial action. That provision does not provide for the award of attorney fees to someone who prevailed in the administrative proceedings and then brought a judicial action solely to obtain attorney fees for services rendered in those proceedings.

B. The appellees contend, however, that the use of the word "proceeding" in § 1415(e)(4)(B), in addition to the word "action," indicates that Congress intended to permit a judicial award of attorney fees for services rendered in the administrative proceedings in a suit brought solely for that purpose. Whatever Congress may have intended by referring to both "action" and "proceeding," however, the action or proceeding must have been "brought under" subsection 1415(e) for the court to be authorized to award attorney fees. As we have shown, a suit for attorney fees for services rendered in the administrative proceeding would not be "brought under" that subsection.

Thus, even if the reference to "proceeding" were deemed to mean the administrative proceeding, the statute still would not

authorize the award of attorney fees without a subsequent civil action. Indeed, if Congress had intended to provide attorney fees for the administrative proceedings alone, it is surprising that Congress did not provide for the administrative tribunal, which would be most familiar with the services the attorney had rendered before it, in the first instance to pass upon the request for attorney fees, instead of requiring the prevailing party in the administrative proceeding to resort to federal litigation to obtain attorney fees incurred in those proceedings.

The reason Congress used the phrase "action or proceeding" is unclear. Perhaps the legislature merely used the same words it had used in many other statutes providing for the award of attorney fees. The word "proceeding" may have been intended to authorize a court in a proceeding challenging an adverse administrative decision to award the prevailing party attorney fees incurred in both the judicial and the administrative proceedings. But whatever the reason, a separate suit to recover attorney fees for the administrative proceeding would not be "brought under" subsection 1415(e).

The only reference in subsection 1415(e) to administrative proceedings is in § 1415(e)(4)(D), which bars an award of attorney fees

in any action or proceeding under this subsection for services performed subsequent to the time of a written offer of settlement to a parent or guardian, if—

(i) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than ten days before the proceeding begins;

(ii) the offer is not accepted within ten days; and

(iii) the court or administrative officer finds that the relief finally obtained by the parents or guardian is not more favorable to the parents or guardian than the offer of settlement.

This provision, however, does not authorize the award of attorney fees for administrative proceedings. It merely provides that a parent who rejected an offer of settlement, made in either the administrative or the judicial proceedings, cannot obtain attorney fees if the result the prevailing parent obtains in court is not more favorable than the offer of settlement. Thus, it covers the situation where a parent rejects an offer of settlement made before the administrative proceeding begins, loses at that proceeding or obtains less favorable relief than the parent sought, and then prevails in the subsequent judicial proceeding but obtains less favorable relief than was offered prior to the administrative proceeding.

The fact that the administrative officer is authorized to make findings on whether the relief awarded at the administrative proceeding is not more favorable than that provided in the administrative settlement does not suggest that Congress intended to authorize the judicial award of fees for administrative proceedings. Since no one claims that the administrative officer is authorized to award fees, such findings would be relevant only in a subsequent civil action brought under subsection 1415(e) by the aggrieved party.

C. In *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), the Supreme Court held that a district court could award a prevailing party in a Title VII employment discrimination suit attorney fees for services rendered in prosecuting her claim in State administrative and judicial proceedings that Title VII required the claimant to exhaust before instituting a federal suit. The Court held that such an award of attorney fees was authorized under § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), which provided in pertinent part that

[i]n any action or proceeding under this subchapter [Title VII] the Court, ... may allow the prevailing party, ... a reasonable attorney's fee as part of the costs.

Ms. Carey filed a district court suit alleging violations of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, and the thirteenth amendment, after

she had prevailed in a State administrative proceeding that was on appeal to the State court. Upon prevailing in the State court, she filed in the federal court an application for attorney fees, most of which were for services rendered in the State administrative and judicial proceedings. Apparently treating the case as one in which the federal court suit was filed solely to obtain attorney fees for services rendered in the State proceedings, the Supreme Court held that "§§ 706(f) [the provision authorizing district court suits to enforce Title VII] and 760(k) of Title VII authorize a federal-court action to recover an award of attorney's fees for work done by the prevailing complainant in state proceedings to which the complainant was referred pursuant to the provisions of Title VII." 447 U.S. at 71, 100 S.Ct. at 2034.

The Court stated that "[s]ince it is clear that Congress intended to authorize fee awards for work done in administrative proceedings, we must conclude that § 706(f)(1)'s authorization of a civil suit in federal court encompasses a suit solely to obtain an award of attorney's fees for legal work done in state and local proceedings." 447 U.S. at 66, 100 S.Ct. at 2032. The Court reasoned that the availability of a fee award for work done in State proceedings should not depend upon whether the plaintiff ultimately finds it necessary to sue in federal court to obtain relief other than attorney's fees because "[i]t would be anomalous to award fees to the complainant who is unsuccessful or only partially successful in obtaining state or local remedies, but to deny an award to the complainant who is successful in fulfilling Congress' plan that federal policies be vindicated at the state or local level." *Id.*

Justice Stevens filed a concurring opinion which

emphasize[d] that this federal litigation was commenced in order to obtain relief for respondent on the merits of her basic dispute with petitioners, and not simply to recover attorney's fees. Whether Congress intended to authorize a separate federal action solely to recover costs, including attorney's fees, incurred in obtaining administrative relief in ei-

ther a deferral or a nondeferral State is not only doubtful but is a question that is plainly not presented by this record.

447 U.S. at 71, 100 S.Ct. at 2035. Justice Stevens further stated:

A quite different question would be presented if, before any federal litigation were commenced, an aggrieved party had obtained complete relief in the administrative proceedings. It is by no means clear that the statute, which merely authorizes a "court" to award fees, would authorize a fee allowance when there is no need for litigation in the federal court to resolve the merits of the underlying dispute.

447 U.S. at 72, 100 S.Ct. at 2035.

The Supreme Court revisited this issue in *North Carolina Dept. of Transp. v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986). There the plaintiffs had initiated a State administrative proceeding to prevent the construction of a highway project that allegedly would violate civil rights protected by Title VI of the Civil Rights Act of 1964. The plaintiffs also moved to intervene in an existing federal action concerning the highway project and to file a civil rights complaint. Before the court ruled on those motions, the State administrative proceedings were settled and the court dismissed the plaintiffs' proposed civil rights complaint.

The plaintiffs then filed suit in the district court seeking solely an award of fees under 42 U.S.C. § 1988, which authorizes a court to award an attorney fee as part of the costs "[i]n any action or proceeding to enforce ... title VI of the Civil Rights Act of 1964...."

The Supreme Court held that a district court may not award attorney fees under 42 U.S.C. § 1988 in a separate action brought solely to recover fees incurred in the administrative proceedings. The Court reasoned that

[t]he plain language of section 1988 suggests the answer to the question whether attorney's fees may be awarded in an independent action which is not to

enforce any of the civil rights laws listed in § 1988. The section states that *in the action or proceeding to enforce* the civil rights laws listed ... *the court* may award attorney's fees. The case before us is not, and was never, an action to enforce any of these laws. On its face, § 1988 does not authorize a court to award attorney's fees except in an action to enforce the listed civil rights laws. 479 U.S. at 12, 107 S.Ct. at 340 (emphasis in original).

The Court characterized *Carey* as a "case[ ] in which civil rights litigation was preceded by administrative proceedings, [where] this Court has had occasion to consider whether the court in the civil rights action could award attorney's fees for time spent in the particular administrative processes." 479 U.S. at 11, 107 S.Ct. at 340. The Court stated that "dicta in opinions of this Court suggest that the authorization of attorney's fee awards only by a court in an action to enforce the listed civil rights laws would be anomalous [citing *Carey*, 447 U.S. at 65–66, 100 S.Ct. at 2032]," but concluded that "if one must ignore the plain language of a statute to avoid a possibly anomalous result, '[t]he short answer is that Congress did not write the statute that way.'" 479 U.S. at 13–14, 107 S.Ct. at 341. The Court noted that "we now believe that the paradoxical nature of this result [alluded to in *Carey*] may have been exaggerated.... It is entirely reasonable to limit the award of attorney's fees under § 1988 to those parties who, in order to obtain relief, found it necessary to file a complaint in court." 479 U.S. at 14, 107 S.Ct. at 341.

Just as a suit for attorney fees is not an "action or proceeding to enforce ... title VI of the Civil Rights Act," so the suit for attorney fees in the present case is not one "brought under" subsection 1415(e). In this respect, the present case parallels *Crest Street.*

*Crest Street* also indicates that it would be "entirely reasonable to limit the award of attorney's fees ... to those parties who, in order to obtain relief, find it necessary to file a complaint in court." Although that statement was made with respect to the

award of attorney fees under section 1988, there is no valid reason why the principle should be any less applicable to the award of such fees under § 1415(e)(4)(B). To the extent that *Carey* suggests a contrary conclusion, that view no longer seems tenable in view of *Crest Street.*

A number of cases that have held that the district court has authority under 20 U.S.C. § 1415(e)(4)(B) to award fees solely for the administrative proceedings (see part V below) have distinguished *Crest Street* on the ground that, unlike the EHA, Title VI does not require that claimants initially exhaust State or local administrative remedies prior to suing. *See, e.g., Eggers v. Bullitt County School Dist.*, 854 F.2d 892, 895 (6th Cir.1988); *Duane M. v. Orleans Parish School Bd.*, 861 F.2d 115 (5th Cir. 1988). *Crest Street*, however, did not turn on whether the administrative proceeding is "mandatory or optional, ... integral or peripheral to the enforcement scheme," 479 U.S. at 22, 107 S.Ct. at 345 (Brennan, J., dissenting); rather the Court's decision was based on the language of the fee provision there at issue.

Finally, the statute involved in *Carey*, which provided for the award of attorney fees "[i]n any action or proceeding under" Title VII, was far broader than the narrowly constrained authority in § 1415(e)(4)(B) to award attorney fees only in an action or proceeding "brought under" subsection 1415(e).

### III

The "plain language" of § 1415(e)(4)(B) "controls its construction, at least in the absence of 'clear evidence,' of a 'clearly expressed legislative intention to the contrary.'" *Bread Political Action Comm'n v. FEC*, 455 U.S. 577, 581, 102 S.Ct. 1235, 1238, 71 L.Ed.2d 432 (1982) (citing *United States v. Apfelbaum*, 445 U.S. 115, 121, 100 S.Ct. 948, 952, 63 L.Ed.2d 250 (1980), and *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

Since the cases that have held that the district court has authority to award attorney fees solely for the administrative pro-

ceedings (described in part V below) have relied heavily on selected and sometimes isolated portions of the legislative history, we discuss that history in detail.

As noted, the EHA originally contained no provision for the award of attorney fees, and in *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the Supreme Court held that the Act did not authorize such an award. In *Smith* the parents and child brought suit and prevailed in the district court on their claims under the EHA; there they also had based the same claims upon other statutes and the Constitution. The Court's reasoning in denying attorney fees was that none of the other statutory and constitutional claims provided in that context for an award of attorney fees and that in the EHA there was "no indication that attorney's fees are available in an action to enforce those requirements [of the EHA]." 468 U.S. at 1006, 104 S.Ct. at 3465.

The provision of the HCPA that amended the EHA to authorize attorney fees was a congressional response to that ruling in *Smith v. Robinson.*

The congressional proceedings on the HCPA are complex. Parallel bills, S. 415 and H.R. 1523, containing different language, were introduced in both the Senate and the House in early 1985, after Congress had failed to act on two earlier bills, H.R. 6014 and S. 2859, introduced in 1984.

A. *The Senate Proceedings.* S. 415, introduced by Senator Weicker, contained an attorney fee provision nearly identical to the version finally enacted. It provided:

In any action or proceeding brought under this subsection, the court, in its discretion, may award a reasonable attorney's fee as part of the costs to a parent or legal representative of a handicapped child or youth who is the prevailing party.

S. 415, 99th Cong., 1st Sess., 131 Cong.Rec. 1980 (1985).

In introducing the legislation, Senator Weicker stated on the floor that

the legislation I am introducing today is a specific response to the court's opinion in Smith versus Robinson. My amend-

ment to Public Law 94–142 is for the limited purpose of clarifying what I believe has always been, and continues to be, the intent of Congress: that reasonable attorneys' fees be available to parents of handicapped children *who prevail in a civil court action* to enforce their child's right to education. This amendment will in no way change requirements for parents to first exhaust the available administrative procedures in attempting to resolve the disagreements. The administrative hearing procedures will continue to be the process by which the vast majority of disagreements about appropriate educational programs are resolved. In other words, *civil court action* will remain, as it has always been, an option of last resort.

131 Cong.Rec.1980 (1985) (emphasis added).

S. 415 was referred to the Committee on Labor and Human Resources, of which Senator Hatch was the chairman. The Subcommittee on the Handicapped, of which Senator Weicker was the chairman, held hearings on that bill. *Handicapped Children's Protection Act of 1985: Hearings on S. 415 Before the Subcomm. on the Handicapped of the Senate Comm. on Labor and Human Resources*, 99th Cong., 1st Sess. (1985). Senator Weicker indicated his commitment to overturning *Smith v. Robinson. Id.* at 2. Senator Simon stated:

Some argue that the administrative hearings process should not be covered by this bill. Unfortunately the arguments on this ignore the fact that these hearings—where witnesses are called and sometimes technical and medical evidence is offered—are quasi-judicial, and certainly the schools have access to counsel for these hearings. It is simply an issue of fairness to ensure that parents may also have the advice of an attorney for these hearings.

*Id.* at 5.

An American Civil Liberties Union representative argued that, consistent with the Supreme Court's decision in *Carey*, the language in the bill authorized a fee award for administrative proceedings. A statement filed by the National School Boards Associ-

ation, which opposed attorney fees for work done at the administrative level, expressed its concern that S. 415 amended the EHA to make "fees available to prevailing parents at both the court and administrative level." *Id.* at 64. The Council for Exceptional Children stated by letter that it "oppose[d] the broad authority" granted through the use of the term "any action or proceeding" and was concerned that *Carey* would permit parents who prevailed at the administrative proceeding to seek from the court reimbursement for fees incurred in that proceeding. *Id.* at 82–83.

The Committee on Labor and Human Resources, however, reported out its own bill rather than the bill the subcommittee had recommended. *See* S.Rep. No. 112, 99th Cong., 1st Sess. 4–11 (1985). The full committee bill had a complicated attorney fee provision that differed substantially from the one the bill originally contained. The committee bill provided that *"in any action brought under section [1415(e)]*, the court may, in its discretion, award a reasonable attorney's fee, reasonable witness fees, and other reasonable expenses of the civil action, in addition to the costs to a parent or legal representative of a handicapped child or youth who is the prevailing party." Sec. 615A(a)(1)(A) (emphasis added). The committee bill further provided that whenever the parent prevailed at the administrative level and the school system appealed the administrative decision in court pursuant to section 1415(e), the parent "shall be awarded a reasonable attorney's fee, reasonable witness fees, and other reasonable expenses of the civil action." Sec. 615A(a)(1)(B). The bill also provided that if the school system used an attorney at the administrative level, it would have to pay for an attorney to represent the parent of the handicapped child. Sec. 615A(b)(1)(C).

The committee report contained "additional views" of twelve Senators, which stated that Senators Hatch and Weicker intended to offer a substitute version of the bill when the Senate considered the legislation. Their substitute retained the "action or proceeding brought under this subsection" language of the original Weicker bill, but substituted the phrase "a reasonable attorney's fee in addition to the costs" for the original "a reasonable attorney's fee as part of the costs" language. The additional views statement explained:

> The Committee believes that the substitute bill provides fee awards to handicapped children on a basis similar to other fee shifting statutes when securing the rights guaranteed to them by the EHA.
>
> . . . .
>
> Section 2 of the bill amends section 615(e)(4) of the EHA to permit a court, in its discretion, to award reasonable attorney's fees to parents or legal representatives of a handicapped child or youth who is the prevailing party in any action or proceeding brought under this subsection.
>
> . . . .
>
> The committee also intends that section 2 should be interpreted consistent with fee provisions of statutes such as title VII of the Civil Rights Act of 1964 which authorizes courts to award fees for time spent by counsel in mandatory administrative proceedings under those statutes. See *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54 [100 S.Ct. 2024, 64 L.Ed.2d 723] (1980), (compare *Webb v. Board of Education for Dyer County,* 53 U.S.L.W. 4473 [471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233] (U.S. April 17, 1985) in which the court declined to award fees for work done at the administrative level because the statute under which the suit was brought did not require the exhaustion of administrative remedies prior to going to court).

The committee intends that S. 415 will allow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative proceedings. This is consistent with the committee's position that handicapped children should be provided fee awards on a basis similar to other fee shifting statutes when securing the rights guaranteed to them by the EHA.

S.Rep. No. 112, 99th Cong., 2nd Sess. 13–14 *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1803–04.

The Senate accepted and passed the Hatch and Weicker substitute bill. 131 Cong.Rec. 21389–93 (1985). In the floor debate, Senator Weicker stated:

> The bill reverses the Supreme Court's Smith versus Robinson decision of July 5, 1984. In that decision, the Court ruled, contrary to the original intent of Congress, that Public Law 94–142 does not allow the award of attorney's fees to parents who, after exhausting administrative procedures, *prevail in a civil court action....*
>
> ....
>
> The purpose of S. 415 is simple—to overturn the Smith [v]ersus Robinson decision and thereby to clarify congressional intent regarding these matters.
>
> ....
>
> Allowing courts to award attorney's fees to prevailing plaintiffs is not an unusual congressional remedy. In fact, ... Congress has already enacted more [than] 130 fee shifting statutes which provide for the award of attorneys fees to parties *who prevail in court* to obtain what is guaranteed to them by law.
>
> ....
>
> Mr. President, I urge my colleagues to support this important piece of legislation which will restore to parents of handicapped children the right to be awarded attorney fees and other reasonable expenses *when they must ·go to court* to secure the educational rights promised to them by Congress.

131 Cong.Rec. 21389–90 (emphasis added).

Senator Stafford stated:

> This bill amends Public Law 94–142, the Education for Handicapped Children Act, to make reasonable attorney's fees available to parents *who prevail in court actions* filed under 94–142.
>
> ....
>
> Critics of S. 415 are fearful that the availability of attorney's fees award to prevailing parents will increase litigation. It is my belief that the opposite situation will occur. State and local education agencies will be more inclined to work out effective compromises with parents *before court action becomes necessary.*
>
> Parents must have every opportunity to participate with local school personnel to develop programs for their handicapped children if 94–142 is to provide the free and appropriate education that it promised. That includes making reasonable legal fees available if the services of an attorney are necessary.

*Id.* at 21390 (emphasis added).

Senator Kennedy stated:

> [T]his legislation will clarify congressional intent by authorizing the award of attorneys fees at the discretion of the judge to prevailing parents in Public Law 94–142 cases....
>
> ....
>
> The basic purpose of this legislation and its primary intent states that handicapped children and their parents or legal guardians should be able to participate in the due process system and have access to the full range of remedies to protect their educational rights on an equal par with the school districts.

*Id.* at 21391.

Senator Kerry stated:

> The bill is designed to ensure that all parents or legal guardians of handicapped children are able to fully access the available remedies to protect their handicapped children's educational rights.
>
> ....
>
> S. 415 is designed to reinforce the rights to education for all handicapped children provided in Public Law 94–142 the Education of the Handicapped Act, including their rights to access the courts when education is being denied to them.

*Id.* at 21391–92.

Senator Simon, who spoke just before the Senate voted, stated:

> I would like to discuss two major aspects of this bill: the inclusion of the right to reimbursement for fees incurred during the administrative process; and the requirement that administrative proceedings be exhausted prior to court action.

The language of S. 415, which permits the award of a reasonable attorney fee in any action or proceeding brought under this subpart, is identical to the language of title VII of the Civil Rights Act of 1964, interpreted by the Supreme Court in *New York Gaslight Club v. Carey* (447 U.S. 54 [100 S.Ct. 2024, 64 L.Ed.2d 723]) (1980). The Court stated:

Congress' use of the broadly inclusive disjunctive phrase "action or proceeding" indicates an intent to subject the losing party to an award of attorney's fees and costs that includes expenses incurred for administrative proceedings.

The Court's decision in *Gaslight* further established the right under title VII to sue solely to obtain an award of attorney's fees for legal work done in State and local proceedings. As the Court stated:

It would be anomalous to award fees to the complainant who is unsuccessful or only partially successful in obtaining state or local remedies, but to deny an award to the complainant who is successful in fulfilling Congress' plan that federal policies be vindicated at the state or local level.

Under the Court's reasoning, since the Education of the Handicapped Act, like title VII, requires parents to exhaust administrative remedies before seeking judicial relief, prevailing parties under the Education of the Handicapped Act must also be entitled to recover legal fees for the costs of mandatory proceedings.

131 Cong.Rec. 21392 (1985).

B. *The House Proceedings.* Representative Williams, Chairman of the House Subcommittee on Select Education, introduced H.R. 1523, which provided:

In any action brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees and other expenses as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

H.R. 1523, 99th Cong., 2d Sess., 131 Cong. Rec. 5046 (1985).

This bill was referred to the House Committee on Education and Labor and considered by Representative Williams' subcommittee. The subcommittee reported a substitute bill, which provided that the parent who was the prevailing party in the civil action also could obtain attorney fees incurred in the administrative proceedings in three specific circumstances.

In markup sessions of the House Committee on Education and Labor, held after the Senate had passed S. 415, Representative Williams offered an amendment (cosponsored by Representative Biaggi), which he described as identical to the Senate provision, which would "provide[ ] that parents who prevail in an action or proceeding in which they claim the denial of a free, appropriate public education under P.L. 94–142 may recover attorneys' fees at the court's discretion." *House Committee on Education and Labor Markup of H.R. 1523*, 124 (Sept. 11, 1985) (transcripts available at the Office of the Clerk, U.S. House of Representatives) [hereinafter *Markup* ].

Representative Bartlett opposed the amendment because it "allow[ed] for attorneys' fees at the administrative level in virtually all circumstances, without the case ever going to court." *Markup* at 132. Representative Bartlett offered an amendment, which the committee rejected, under which attorney fees incurred in "any administrative proceeding may not be awarded under this subparagraph unless the parents or guardian prevail on a substantive claim in the civil action." He explained that the amendment "would simply allow for attorney's fees at the administrative level only when the parents prevail in court." *House Committee on Education and Labor Markup of H.R. 1523*, 27 (Sept. 19, 1985) (transcripts available at the Office of the Clerk, U.S. House of Representatives).

Representative Jeffords also opposed the Williams–Biaggi amendment. He favored the bill reported by the subcommittee, stating, "I think the subcommittee did an excellent job doing that [outlining the circumstances for which fees incurred at the administrative level would be awarded]. I

understand that subsequent to that, for whatever reasons, there was a bill passed in the Senate which was much more generous, in a sense, to the handicapped individuals, and therefore the subcommittee decided to make the House bill equally more generous in that sense on attorneys' fees." *Markup* at 171–72.

Representative Jeffords offered an amendment similar to the subcommittee provision. Representative Biaggi opposed the amendment, stating that "[w]hat the gentleman [Representative Jeffords] is trying to do is go back to where we were in the subcommittee. Since that time the Senate has moved and reported a bill out. The administration supports what came out of the Senate, and we are just going along with what the Senate has." *Markup* at 174.

The House Committee reported an amended version of H.R. 1523, that incorporated the Williams–Biaggi amendment by adding the word "proceeding" to the fee provision of H.R. 1523. The committee report stated that "proceeding" referred to a due process hearing or a State level review. The report stated:

> Section 2 of the bill amends section 615(e)(4) of EHA to permit a court, in its discretion, to award reasonable attorneys' fees, ... to the parents ... who is the prevailing party in an action or proceeding (a due process hearing or a state level review) brought under Part B of EHA.

> The "action or proceeding" language in section 2 of the bill is identical to the language in title VII of the Civil Rights Act of 1964, interpreted by the Supreme Court in *New York Gaslight Club v. Carey*, 447 U.S. 54 [100 S.Ct. 2024, 64 L.Ed.2d 723] (1980). In *Gaslight*, the Court held that the use of the phrase "action or proceeding" indicates an intent to subject the losing party to an award of attorneys' fees, expenses and costs incurred in court. The Court's decision also established a similar right under title VII to obtain an award of fees, costs, and expenses incurred in mandatory state and local administrative proceedings, even where no lawsuit is filed.

> . . . .

> Further, if a parent prevails on the merits at an administrative proceeding (and the agency does not appeal the decision), the parent may be awarded reasonable attorneys' fees, costs, and expenses incurred in such administrative proceeding. Usually, the amount of such fees, costs, and expenses will be agreed to by the public agency. If no agreement is possible, the parent may file a law suit for the limited purpose of receiving an award of reasonable fees, costs, and expenses.

H.R.Rep. No. 296, 99th Cong., 1st Sess. 5 (1985).

The bill the House committee reported also included a "sunset provision" under which judicial authority to award attorney fees to parents who prevailed in administrative proceedings would end four years after enactment. It accomplished this by providing that there would be substituted for "action or proceeding" the words "civil action," and that this provision would be effective in four years. As Representative Williams, the floor manager, explained on the floor of the House:

> [T]he legislation contains a sunset provision under which a court's authority to award fees to parents who prevail in administrative proceedings terminates 4 years after the date of the enactment of this legislation. . . . Thus, after 4 years, unless Congress passes additional legislation, a court's authority to award fees will be limited to civil actions in State or Federal courts in which parents prevail.

131 Cong.Rec. 31370 (1985).

Representative Williams also explained that the bill

> amends part B of EHA to provide that a parent or guardian of a handicapped child who prevails against a school district or State educational agency in a civil action in Federal or State court, or an administrative proceeding such as a due process hearing or State appeal, may be awarded reasonable attorney's fees, costs and expenses by the court.

*Id.*

Representative Bartlett, who considered the provision of the bill providing for attor-

ney fees at the administrative level to be "a serious flaw," recognized that the bill so provided:

> Under H.R. 1523, for the first time, parents who retain an attorney for work conducted at the administrative hearing level will be able to recover fees if they prevail at the hearing, even if the issue does not go to court.

*Id.* at 31371.

In response to a question by Representative Bartlett, Representative Williams explained the meaning of the terms "action" and "proceeding":

> The term "action" is intended to include a civil action filed in a State or Federal court. The term "proceeding" is limited to the due process hearing that parents are required to exhaust under 615(b)(2) and the State appeal under section 615(c).

*Id.* at 31373.

Representative Jeffords, the ranking member of the Education and Labor Committee, expressed his concern that "[b]y providing for attorneys' fees at the administrative level, ... we will be reversing our original intent and interfering with a procedure that is working," but acknowledged that "[o]ur debate on the issue though, has been precluded somewhat by the action taken by the other body. Instead, concerns regarding the wisdom of providing for attorneys' fees at the administrative proceedings level have been partially addressed in H.R. 1523 by the inclusion of a sunset provision." 131 Cong.Rec. 31376.

Representative Miller supported the provision for fees in both administrative and judicial proceedings:

> In those instances where parents feel compelled to pursue a formal hearing or court action to attain free appropriate education for their child, providing reimbursement for needed legal assistance is critical to assure fair and equal access to this right.

*Id.*

Representative Johnson expressed concern about the provision for fees "to be awarded at the administrative level, without limitation, without going to court." 131 Cong.Rec. 31377. Representative Williams responded:

> Mr. Speaker, the gentlewoman raises a matter which has been of great contention. I will tell my colleagues that it has been considered, that the bill has been accepted overwhelmingly, and the administrative fee language in this bill is identical to that which has been accepted in the Senate.

*Id.*

C. *The Conference Bill and Its Enactment.* The bills went to conference, which reported a bill that contained the language in "any action or proceeding brought under this subsection." The conferees changed the wording of the Senate bill that provided fees "in addition to the costs" to a bill providing for fees "as part of the costs." The conferees explained: "The conferees intend that the term 'attorneys' fees as part of the costs' include reasonable expenses and fees of expert witnesses and the reasonable costs of any test or evaluation which is found to be necessary for the preparation of the parent or guardian's case in the action or proceeding, as well as traditional costs incurred in the course of litigating a case." H.R.Conf.Rep. No. 687, 99th Cong., 2d Sess. 5, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1808.

The conference bill did not include the sunset provision in the House version. The conference report stated with respect to this action only that:

> 7. The House amendment, but not the Senate bill, sunsets the court's authority to award fees at the administrative level after a period of time specified in the legislation.
>
> The House recedes.

H.R.Conf.Rep. No. 687, at 7, 1986 U.S.Code Cong. & Admin.News p. 1809.

The conference bill added a number of provisions, not in the Senate or House bills, that were designed to avoid excessive fees. 20 U.S.C. § 1415(e)(4)(D), (E), (F), and (G).

Those provisions reduce the amount of attorney fees that would otherwise be available in "actions or proceedings under the subsection." H.R.Conf.Rep. No. 687, at 6, 1986 U.S.Code Cong. & Admin.News p. 1809.

In the Senate debate on the conference report, Senator Weicker, a conference manager, stated:

> The Handicapped Children's Protection Act states explicitly what is implicit in the Education of the Handicapped Act regarding the civil right of handicapped children to an education. By allowing the courts to award attorneys' fees to prevailing parents or guardians, handicapped children are protected against discrimination in the same manner as are other vulnerable groups. What we do here today is to make the Education of the Handicapped Act consistent with more than 130 other fee shifting statutes which provide for the award of attorneys' fees to parties who prevail in court to obtain what is guaranteed to them by law.

132 Cong.Rec. 16823 (1986).

Senator Hatch, the chairman of the Senate conferees, stated:

> The agreement we are now considering is a compromise which I feel accomplishes two major objectives. First, it provides for the award of reasonable attorney's fees to prevailing parents in an Education of the Handicapped Act action or proceeding.

*Id.* at 16825.

In the House debate on the Conference Report, Representative Williams, a conference manager, stated:

> The bill clarifies the intent of Congress that handicapped children and their parents have available to them the full range of remedies necessary ... includ[ing] the right to reimbursement of reasonable attorneys' fees in actions and proceedings in which they are declared the prevailing party.

132 Cong.Rec. 17608 (1986). He stated that "the conference agreement contains most of the key provisions in the House bill," and described the conference agreement as follows:

First, with slightly different wording, both the Senate bill and the House amendment provide for the awarding of attorneys' fees in addition to costs to parents who prevail in any action or proceeding. Under the conference agreement, the Senate recedes to the House and the House recedes to the Senate with an amendment clarifying that the court in its discretion may award reasonable attorneys' fees to the prevailing parents as part of the costs of the action or proceeding.

*Id.* Representative Williams then explained the rejection of the sunset provision:

> The conference agreement does not include the "sunset provision" which was included in the House bill. Under this provision, the authority of the court to award fees to parents prevailing at administrative hearings would be repealed in 4 years. This provision was of particular concern to the House Republican conferees. On three separate occasions, all conferees from the other body rejected requests to include the "sunset" provision in the conference agreement.

*Id.* Representatives Bartlett and Jeffords expressed disappointment that the sunset provision was not included. *Id.* at 17608–09, 17610–11. Representative Hawkins, the chairman of the House conferees committee, stated that

> the statute only allows the award of attorneys' fees to prevailing parents, whether plaintiff or defendant in an action or proceeding. (Compare 42 U.S.C. § 1988).
>
> Second, under this bill, there is language making the Supreme Court's ruling *M[a]rek v. Chesny*, [473 U.S. 1, 105 S.Ct. 3012] 87 L.Ed.2d 1 (1985) applicable to both court actions and administrative proceedings....
>
> Third, the conference agreement provides fees when a parent prevails in an action or proceeding.

*Id.* at 17611.

---

We draw the following conclusions from the legislative history:

1. The House intended to authorize the district courts to award attorney fees for services rendered in the administrative proceedings, in a suit brought solely for that purpose, and believed that the language in the Senate bill—"in any action or proceeding brought under this subsection"—accomplished that result. This is shown by (a) the repeated statements by Representative Williams, the chairman of the subcommittee that considered the bill, and by opponents of the provision that that was its effect; (b) the House committee's addition of the word "proceeding" to the House bill, which was done in the belief that the change would make the attorney fee provision applicable to administrative proceedings; (c) the statement in the House Report that the word "proceeding" refers to administrative proceedings and that, consistent with the Supreme Court's decision in *Carey*, parents who prevail on the merits at an administrative proceeding may bring a separate action in court for attorney fees; and (d) the "sunset provision"—which would have repealed the word "proceeding" after four years—which was included as a concession to House members who opposed the broad authority to award fees for work done at the administrative level.

2. Although some members of the Senate intended to authorize the district court to award such attorney fees and believed that the Senate bill had that effect, other Senators had a contrary view. No clear expression of the Senate's intention can be discerned.

The only Senator who expressly stated that the Senate provision covered fees in administrative proceedings was Senator Simon who, although a member of the Committee on Labor and Human Resources, was not in charge of the bill. Senator Weicker, who introduced the bill and was a leader in its development and enactment, stated on a number of occasions, including a statement during debate on the conference bill, that the bill provided for attorney fees to parents who prevailed in court proceedings. Senator Stafford made a similar explicit statement. Many of the other statements made during Senate considera-

tion of the legislation merely repeated the statutory language without focusing on precisely what it authorized.

The portion of the additional views statement in the Senate Report citing the Supreme Court's decisions in *Carey* and *Webb* is ambiguous. *Webb* did not involve a suit brought solely to obtain fees for work done in State administrative proceedings. The petitioner there was a school teacher who, although unsuccessful in challenging his dismissal in State-tenure rights hearings, finally had prevailed on a section 1983 claim in district court. The district court awarded attorney fees for time spent in the judicial proceeding but denied fees for time spent in proceedings before the local school board. In citing *Carey* (involving mandatory State administrative proceedings under Title VII) and *Webb* (involving an "optional" State proceeding not brought to enforce the civil rights laws), the additional views statement may have been suggesting only that parents who prevail in an EHA judicial action also will be awarded fees for work done at the administrative level.

3. The brief statement in the conference report about the conferees' rejection of the sunset provision in the House bill, which the report described as terminating "the court's authority to award fees at the administrative level," does not establish that the conferees believed the bill they recommended granted that authority. One possible explanation of the conferees' action is that the Senate conferees intended to adopt the authority the House bill conferred, but did not want to limit it to four years. An equally plausible explanation, however, is that the Senate conferees did not believe the conference bill contained that authority, so that there was no reason to terminate it after that time.

We cannot say that, viewed in its entirety, the legislative history reflects "a clearly expressed legislative intention to the contrary" of "the language of the statute itself" (*Consumer Product Safety Comm'n*, 447 U.S. at 108, 100 S.Ct. at 2056) that would justify the departure from the statutory language. Such a departure would be required to hold that the Act authorizes the

award of attorney fees for services rendered in the administrative proceeding.

D. *The Secretary of Education's Interpretation.* In the interest of completeness, we allude to one other item in the history of the legislation, the significance of which is doubtful.

During the House consideration of the bill, Representative Bartlett requested the Secretary of Education to clarify the Administration's position on S. 415 as the Senate had passed it. Representative Bartlett stated that the Administration's prior expression of general support for S. 415 "is being construed to mean support for the 'action or proceeding' provision," which Bartlett stated "would allow the court to award fees to prevailing parents for both court costs and administrative hearing costs, even before the parent prevails in court." Letter from Representative Steve Bartlett to Secretary William J. Bennett (Sept. 5, 1985) (reproduced in Addendum to Appellees' Brief at A–8–9). The Secretary responded by letter that the Department's understanding was that under S. 415 "[t]he court could also award fees for administrative proceedings where no court case resulted so long as the parents prevailed in those proceedings." Letter from Secretary William J. Bennett to Representative Steve Bartlett (Sept. 10, 1985) (reproduced in Addendum to Appellees' Brief at A–10–11).

After Congress passed the bill, the Secretary recommended in a letter to the Director of the Office of Management and Budget that the President sign the bill. The Secretary stated that his Department "support[s] the award of attorney's fees to prevailing parents in judicial proceedings brought under the EHA," but noted that "[o]ur major remaining objection to the bill is that it would authorize the award of attorney's fees for work done in administrative proceedings." Letter from Secretary William J. Bennett to Director James C. Miller III (July 25, 1986) (reproduced in Addendum to Appellees' Brief at A–16–18).

These statements by the Secretary do not involve the traditional situation where a court gives considerable weight to the interpretation of a statute by the agency charged with its enforcement. *See, e.g., Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 800, 13 L.Ed.2d 616 (1965). Although the Secretary has an important role under the statute in administering the federal grants to the States and also performs certain oversight functions, *see, e.g.,* 20 U.S.C. §§ 1417–1418 (Supp.1988), the conduct of the administrative proceedings is left to the State and local educational agencies. The Secretary has nothing to do with the award of attorney fees.

In these circumstances, the Secretary's view that the statute authorized the award of attorney fees for services in the administrative proceedings in which the parent or child prevails, is entitled to little, if any, weight in determining whether a suit seeking only such fees is an "action or proceeding brought under" subsection 1415(e).

## IV

It has been suggested that policy considerations militate against our conclusion. The argument is that it would be anomalous and would make little sense if parties who prevailed at the administrative proceeding were denied attorney fees, whereas if they lost at those proceedings and then prevailed in court they would receive fees.

The argument is undermined by *Crest Street,* which concluded that it was "entirely reasonable to limit the award of attorney's fees under § 1988 [and by the same reasoning under § 1415(e)(4)(B) ] to those parties who, in order to obtain relief, found it necessary to file a complaint in court." 479 U.S. at 14, 107 S.Ct. at 341. Indeed, there are indications in the legislative history of this statute that the Senate may have believed that most of the disputes under the Act over the provision of a proper education for handicapped children would be resolved informally at the administrative level and that resort to judicial proceedings would be relatively infrequent. *See, e.g.,* 131 Cong.Rec. 21390 (1985) (statement of Senator Stafford). This belief could have led Congress to limit the award of attorney fees to parties who prevail on the merits in court actions.

In any event, our task is to apply the statute as written and not to rewrite it to achieve an objective that we deem desirable and fair. The alleged anomaly of denying attorney fees for administrative proceedings would not justify a departure from what we view as the correct reading of the language Congress used in providing for the award of attorney fees under this statute.

V

We reach our conclusion with considerable reluctance and some diffidence because of the numerous judicial decisions that have gone the other way. The Fifth and Sixth Circuits have reached the contrary conclusion, as did the Second Circuit in dictum. *Duane M. v. Orleans Parish School Bd.*, 861 F.2d 115 (5th Cir.1988); *Eggers v. Bullitt County School Dist.*, 854 F.2d 892 (6th Cir.1988); *see Counsel v. Dow*, 849 F.2d 731, 740–41 n. 9 (2d Cir. 1988) (dictum), *cert. denied*, ── U.S. ──, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988). So have the overwhelming majority of district courts that have considered the precise issue. *See Williams v. Boston School Comm.*, 709 F.Supp. 27 (D.Mass.1989); *Schroeder v. San Mateo County*, 1988–89 EHLR Dec. 441:244 (N.D.Cal.); *Burr v. Ambach*, 683 F.Supp. 46 (S.D.N.Y.1988); *Chang v. Board of Educ.*, 685 F.Supp. 96 (D.N.J.1988); *Doe v. Watertown School Comm.*, 701 F.Supp. 264 (D.Mass.1988); *Neisz v. Portland Pub. School Dist.*, 684 F.Supp. 1530 (D.Or.1988); *Robert D. v. Sobel*, 688 F.Supp. 861 (S.D.N.Y.1988); *Turton v. Crisp County School Dist.*, 688 F.Supp. 1535 (M.D.Ga.1988); *Burpee v. Manchester School Dist.*, 661 F.Supp. 731 (D.N.H.1987); *Keay v. Bismarck R–V School Dist.*, 1986–87 E.H.L.R. Dec. 558:317 (E.D.Mo.1987); *Kristi W. v. Graham Indep. School Dist.*, 663 F.Supp. 86 (N.D.Tex.1987); *Mathern v. Campbell County Children's Center*, 674 F.Supp. 816 (D.Wyo.1987); *Michael F. v. Cambridge School Dept.*, No. 86–2532–C, 1987 WL 7752 (D.Mass. Mar. 5, 1987); *Prescott v. Palos Verdes Peninsula Unified School Dist.*, 659 F.Supp. 921 (C.D.Cal.1987); *School Bd. of Prince William County v. Malone*, 662 F.Supp. 999 (E.D.Va.1987); *Unified School Dist. No. 259 v. Newton*, 673 F.Supp. 418 (D.Kan.1987). At least two districts, however, have reached the conclusion we reach. *McCormack v. Burlingame Elementary School Dist.*, No. C 88–0141 JPV (N.D.Ca. June 27, 1988); *Rollison v. Biggs*, 660 F.Supp. 875 (D.Del. 1987).

None of the opinions authorizing the award of attorney fees for administrative proceedings provides the detailed analysis of the statutory language and the legislative history we have made. That analysis convinces us that Congress did not authorize the district court to award attorney fees for services in the administrative proceeding, in a suit brought solely to obtain such fees.

CONCLUSION

The judgment of the district court awarding attorney fees and costs to the appellees is

*Reversed.*

EDWARDS, Circuit Judge, dissenting:

The simple issue in this case is whether a court has authority to award attorneys' fees to a person who has prevailed in an administrative proceeding under the Education of the Handicapped Act ("EHA"), as amended in 1986 by the Handicapped Children's Protection Act ("HCPA"). This is not a novel question, nor is it an issue of first impression, for it has been the subject of litigation in numerous actions in federal court. *Every circuit court* that has considered this issue has concluded that EHA provides for an award of attorneys' fees to parents who prevail in administrative proceedings in a suit brought to obtain those fees;[1] and an overwhelming number of

---

1. *See Duane v. Orleans Parish School Bd.*, 861 F.2d 115 (5th Cir.1988); *Eggers v. Bullitt County School Dist.*, 854 F.2d 892 (6th Cir.1988); *Counsel v. Dow*, 849 F.2d 731, 740–41 n. 9 (2d Cir.) (dictum), *cert. denied*, ── U.S. ──, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988).

district courts have held the same.[2] I can see no reason for this court to conclude otherwise.

The majority offers an exhaustive examination of the case law and legislation bearing on the matter before us. But, in my view, the majority opinion supports a result just the opposite from the one it reaches. Most of the evidence cited by the majority shows that, in enacting HCPA, Congress clearly intended to provide attorneys' fees for those individuals who prevail in administrative proceedings. Because I believe the result reached by the majority is inconsistent with the language of the statute, its legislative history and the view held by an overwhelming majority of the courts that have addressed this question, I dissent.

### I.

To begin with, the plain language of the statute provides that a court may award attorneys' fees to a party who has prevailed in either a judicial *action* or an administrative *proceeding*. Section 1415(e)(4)(B) *expressly* states that

> In any action or *proceeding* brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as a part of the cost to the parents

or guardian of a handicapped child or youth who is the prevailing party.

20 U.S.C. § 1415(e)(4)(B) (emphasis added). There is no way that this provision can be read other than to allow for an award of fees to parents who prevail in administrative proceedings in a suit brought to obtain those fees.

The majority opinion simply ignores the plain language. Instead, it asserts that a party who prevails in a proceeding cannot seek attorneys' fees under the "subsection" because the party is not "aggrieved." Majority Opinion ("Maj.Op.") at 337 (referring to subsection 1415(e)(2)).[3] This argument completely begs the question. What this court is deciding is precisely whether a party who has secured all but attorneys' fees in a proceeding is an "aggrieved" party entitled to bring suit for attorneys' fees.

The majority opinion similarly glosses over the import of section 1415(e)(4)(D), which also discusses attorneys' fees for prevailing parties "in an action or proceeding." This section sets the parameters for such awards: it bars the award of attorneys' fees when either "the court or *administrative officer*" finds that the relief finally obtained by a prevailing party is not more favorable than an earlier offer of settlement. *See* 20 U.S.C. § 1415(e)(4)(D) (emphasis added).[4] Under this provision,

---

2. *See, e.g., Michael F. v. Cambridge School Dept.,* No. 86–2532–C, slip op. (D.Mass. Mar. 5, 1987); *Williams v. Boston School Comm.,* 709 F.Supp. 27 (D.Mass.1989); *Doe v. Watertown School Comm.,* 701 F.Supp. 264 (D.Mass.1988); *Burr v. Ambach,* 683 F.Supp. 46 (S.D.N.Y.1988); *Chang v. Board of Educ.,* 685 F.Supp. 96 (D.N.J.1988); *Neisz v. Portland Pub. School Dist.,* 684 F.Supp. 1530 (D.Or.1988); *Dodds v. Simpson,* 676 F.Supp. 1045 (D.Or.1987); *Robert D. v. Sobel,* 688 F.Supp. 861 (S.D.N.Y.1988); *Turton v. Crisp County School Dist.,* 688 F.Supp. 1535 (M.D.Ga. 1988); *Burpee v. Manchester School Dist.,* 661 F.Supp. 731 (D.N.H.1987); *Kristi W. v. Graham Indep. School Dist.,* 663 F.Supp. 86 (N.D.Tex. 1987); *Mathern v. Campbell County Children's Center,* 674 F.Supp. 816 (D.Wyo.1987); *Prescott v. Palos Verdes Peninsula Unified School Dist.,* 659 F.Supp. 921 (C.D.Cal.1987); *School Bd. of Prince William County v. Malone,* 662 F.Supp. 999 (E.D.Va.1987); *Unified School Dist. No. 259 v. Newton,* 673 F.Supp. 418 (D.Kan.1987). *But see McCormack v. Burlingame Elementary School Dist.,* No. C–88–0141 JPY, slip op. (N.D. Cal. June 27, 1988); *Rollison v. Biggs,* 660 F.Supp. 875 (D.Del.1987).

3. Section 1415(e)(2) states that "[a]ny party aggrieved by the findings and decision made under subsection (b) of this section ... and any party aggrieved by the findings and decision under subsection (c) of this section [dealing with administrative proceedings by State educational agencies], shall have the right to bring a civil action with respect to the complaint presented pursuant to this section...."

4. Section 1415(e)(4)(D) bars an award of attorneys' fees in any action or proceeding under this subsection for services performed subsequent to the time of a written offer of settlement to a parent or guardian, if—
   (i) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than ten days before the proceeding begins;
   (ii) the offer is not accepted within ten days; and
   (iii) the court or administrative officer finds that the relief finally obtained by the parents or guardian is not more favorable to the parents or guardian than the offer of settlement.

an *administrative officer* has the authority to make findings relevant to an award of attorneys' fees. Thus, a party may file suit in court as an "aggrieved party" when an administrative officer's determinations are unfavorable with respect to findings necessary to support a claim for fees. The majority inexplicably ignores the statutory role of the administrative officer and the appealability of his or her adverse findings.

Furthermore, and more importantly, there is absolutely *nothing* in the language of section 1415(e)(4)(D) to support the majority's view that the statute "merely provides that a parent who rejected an offer of settlement, made in either the administrative or the judicial proceedings, cannot obtain attorney fees if the result the prevailing party *obtains in court* is not more favorable than the offer of settlement." Maj.Op. at 339 (emphasis added). As the highlighted portion of the quoted material shows, the majority opinion does nothing more than construe the statute in a way to achieve the result sought; but the language of section 1415(e)(4)(D) does not say what the majority says.

What the statute *does* say is that an award of fees is barred only if "the court or the administrative officer finds that the *relief finally obtained* by the parents or guardian is not more favorable to the parents or guardian than the offer of settlement." "Relief finally obtained" can be the relief awarded in the administrative proceeding. Thus, if a parent rejects an offer of settlement because it does not include fees, and then obtains all of the relief sought except fees at the administrative proceeding, that parent is not barred from an award of fees under section 1415(e)(4)(D); and the administrative officer would be authorized to find that the relief awarded at the administrative proceeding "is not more favorable to the parents ... than the offer of settlement." And, as the majority correctly recognizes, "such findings would be relevant *only* in a subsequent civil action brought under subsection 1415(e) by the aggrieved party" (*i.e.*, the parents who have failed to obtain

fees). *See* Maj.Op. at 339 (emphasis added).

## II.

Moreover, to the extent that there is any ambiguity in the meaning of the statute, it is cured by the legislative history, which makes clear that Congress provided an action for attorneys' fees. The majority opinion itself concludes that "[t]he House intended to authorize the district courts to award attorneys' fees for services rendered in the administrative proceedings, in a suit brought solely for that purpose, and believed that the language in the Senate bill —'in any action or proceeding brought under this subsection'—accomplished this result." Maj.Op. at 348. The majority cannot point to anything in the Senate's legislative history that contradicts this understanding of the provision.

The majority only asserts that it can discern "no clear expression of the Senate's intention." *Id.* at 349. On the one hand, it acknowledges that Senator Simon saw the provision as establishing the right to sue for attorneys' fees; on the other hand, it finds somehow troubling the statements by Senator Weicker allowing "for the award of attorneys' fees to parties who prevail in court to obtain what is guaranteed to them by law." 132 CONG.REC. 16823 (1986) (statement of Sen. Weicker) (quoted in Maj.Op. at 347–48).

Senator Weicker's statements, however, in no way contradict Senator Simon's or the House's understanding of the attorneys' fees provision; and his statements in no way negate the view that the statute provides for attorneys' fees for parents who prevail in administrative proceedings. Indeed, this point is confirmed by the Amicus Brief submitted to this court. This brief, signed by various members of the Senate and House, who are identified as the "chief sponsors and co-sponsors of the legislation, chairmen and ranking minority members of the committees and subcommittees with jurisdiction, and conferees," says that

amici believe that after two years of deliberation on exactly the issue before this Court, there can be no doubt that the

effect, meaning, and intent of Congress' action was to provide for attorneys' fees for parents who prevail in administrative proceedings.

Brief Amicus Curiae on Behalf of Senators Tom Harkin, Edward M. Kennedy, John F. Kerry, Paul Simon, Robert T. Stafford, Lowell P. Weicker, Jr., and Representatives Tony Coelho, Augustus F. Hawkins, James M. Jeffords, Major R. Owens, Pat Williams at 1. In short, there is no basis for the majority's assertion that the House and the Senate were not in agreement on the attorneys' fees provision that both houses enacted into law.

Finally, the most convincing evidence of legislative intent is the HCPA conference bill and its enactment. The House version of the bill that went to conference included a provision saying that the authority of the court to award fees to parents prevailing at administrative hearings would be repealed in four years. 131 Cong.Rec. 31370 (1985) (statement of Rep. Williams). This sunset provision was added to appease Representatives who opposed attorneys' fees at the administrative level. 131 Cong.Rec. 31376 (1985) (statement of Rep. Jeffords). However, the conference bill deleted the sunset provision, thus removing any limitation on the authority of a court to award fees to parties prevailing in an administrative proceeding. H.R.Conf.Rep. No. 687, 99th Cong., 2d Sess. 5, at 7.

The majority opinion concedes that "one possible explanation" of the conferees' action in deleting the sunset provision is that the Senate conferees intended to adopt the authority the bill conferred, but did not want to limit it to four years. Maj.Op. at 349. I submit that this is the *only* possible explanation. The conference report itself expressly acknowledges *"the courts' authority to award fees at the administrative level,"* and then says that the conference bill removes the sunset provision that would have limited this authority. H.R. Conf.Rep. No. 687, 99th Cong., 2d Sess. 5,

at 7 (emphasis added), 1986 U.S.Code Cong. & Admin.News p. 1809. The import of the conferees' action is thus absolutely clear.

The majority opinion argues that "an equally plausible explanation" of the conferees' action is that the Senate conferees did not believe the conference bill contained any authority for the award of fees at the administrative level, so that there was no reason to terminate it after four years. Maj.Op. at 349. But this explanation is completely at odds with what the conference report itself says. The report says that "[t]he House amendment, *but not the Senate bill,*" would limit "the court's authority to award fees at the administrative level" after four years. H.R.Conf.Rep. No. 687, 99th Cong., 2d Sess. 5, at 7 (emphasis added), 1986 U.S.Code Cong. & Admin. News p. 1809. If the Senate conferees truly believed that the bill contained no authority for the award of fees at the administrative level, as the majority suggests, then the conference report makes no sense as written. The conference report can only be read to indicate that the conferees agreed to *retain* the court's authority to award fees at the administrative level without any limitation through a sunset provision.

### III.

The statutory language and the legislative history of EHA, as amended by HCPA, show that Congress provided for attorneys fees for parents who prevail in administrative proceedings. I dissent because the result reached in the majority opinion is wholly at odds with this congressional intent.